**BELL et al. v. ESTERAK et al.**

**No. 11157.**

Court of Civil Appeals of Texas. Galveston.

March 13, 1941.

Rehearing Denied April 23, 1941.

W. D. Bryan, of Bellville, for appellants Abe Levine and H. A. Myer.

Sam W. Levy, of Houston, for appellants Mrs. Luna Bell and others.

C. C. Glenn and W. I. Hill, both of Sealy, for appellees.

GRAVES, Justice.

This appeal by the defendants below, appellants here, the heirs at law of Thomas Watson and wife, Emma Laura Watson, is from a judgment in favor of the plaintiffs below, appellees here, the surviving widow and heirs at law of Joe Esterak, entered by the district court of Austin County, sitting without a jury, decreeing removal of the cloud from the appellees' title to an 80-acre tract of land in Sections 159 and 160 of H. & T. C. Ry. Survey in that county, found by the court to have been cast thereon by a certain mineral reservation provision in a deed to such 80 acres, dated July 5 of 1926, from those Watsons, as husband and wife, to appellee, Rosa Esterak.

Further recitations of the decree, in his verbis, were these:

" * * * plaintiffs' cause of action is founded upon a suit in trespass to try title and to remove cloud cast upon title of plaintiffs' lands by reason of a reservation of a fifteen-sixteenths undivided mineral interest in and to the following described tract of land, to-wit: (description omitted), and to divest all title and semblance of title occasioned by reason of the reservation of the aforesaid fifteen-sixteenths undivided mineral interest in and to the said lands out of the said defendants and to vest title to the said fifteen-sixteenths undivided mineral interest absolutely and unconditionally in the said plaintiffs, and that the law is in all respects with the said plaintiffs."

"It is therefore the judgment of the court and so ordered, adjudged and decreed by the Court that the plaintiffs (names omitted) do have and recover of and from the defendants (names omitted) their judgment removing cloud from title of the said lands occasioned by reason of the said fifteen-sixteenths undivided mineral interest reserved in deed of July 5, A. D. 1926, wherein the land was conveyed by general warranty deed by Thomas Watson and wife, Emma Laura Watson, to Rosa Esterak, and duly recorded in the Austin County deed Records, Volume 68, Pages 416-17, and that title to the aforesaid fifteen-sixteenths undivided mineral interest, so reserved, be and the same is hereby divested out of the said defendants and vested absolutely and unconditionally in the said plaintiffs."

As the quoted recitations indicate, the deed from the Watsons to Rosa Esterak of July 5 of 1926, upon its face conveyed the 80 acres to her with this express reservation of a 15/16 undivided mineral interest therein: "Reserving however fifteen-sixteenth (15/16) of all oils, gases, sulphur, and in fact 15/16 of all minerals of every character that may lay under or that may be developed upon the above described tract of land, together with the exclusive right and privilege at all times to operate thereon in any manner deemed necessary by the said Thomas Watson for the development of any or all of the above named minerals."—thus, we think, debasing her title to every part of the 80 acres, by so withholding from it a 15/16 undivided interest in the minerals therein.

This adjudication proceeded from the appellees' prayer for such relief in their trial petitions, wherein they declared that the provision so reserving the undivided 15/16 mineral interest in the land had been inserted therein by the fraud of the grantor, Thomas Watson, against the grantee, Rosa Esterak, in representing to her at the time such deed was agreed upon between them and delivered by him to her that it should and did convey in fee simple and unconditionally (except for a lien for specified deferred purchase money) the whole title to the 80 acres, just as the 160 acres, of which it was the eastern one-half, had been unconditionally conveyed by the Watsons to Joe Esterak, deceased, by a like general warranty deed, dated October 28, 1911; that the appellee had not discovered such fraud until "about the year 1936 or 1937", when she became aware of it on seeking for the first time to lease her 80-acre tract, of which she had been in possession continuously to that time from the date of her 1926 deed thereto; that if she had known in advance that any such mineral reservation had been retained in that deed, she would not have accepted the same; that having been then unable to speak the English language, compelled to deal with grantor Watson through an interpreter, and having been at the time ignorant of such reservation, but having been then assured by Watson that such

deed was similar in every respect, except as to the acreage in and consideration therefor, to the prior deed from Watson and wife to Joe Esterak for the whole 160 acres, and having relied implicitly upon such representations at the time made to her by Watson, she had accepted such deed after executing and delivering to him in turn, her vendor's lien notes for the $1,-818 deferred purchase money therein called for; that she continued under the disabilities and handicaps testified to as having existed at the time such fraud was so practiced upon her, and never had occasion thereafter to learn, and did not learn otherwise, until 1936 or 1937, as recited supra; that such fraudulent and surreptitious engrafting of such mineral reservation upon the title to the land had cast a continuing cloud thereupon, which so persisted up to the date of the filing of her suit herein, to-wit, December 10, 1937, as to have rendered the land practically worthless, in that she could never lease nor sell the same with such undivided mineral reservation outstanding against it; her prayer for the relief accorded having been this:

" * * * that upon a final hearing hereof, plaintiffs have their judgment removing cloud cast upon the title to the said 80-acre tract of land, and that title thereto vest clear and unincumbered in these plaintiffs, subject only to the said $1,818.00 in Vendor's Lien notes now outstanding against the said 80 acres tract of land.

"Plaintiffs pray for relief, general and special, whether legal or equitable, and they will ever pray."

The trial court filed no findings of either fact or law, except as stated in its judgment, nor did any appear to have been requested by either side; there were, however, a number of witnesses heard, with considerable documentary evidence also received, including copies of the deeds from Thomas Watson and wife to Joe Esterak of October 12, 1911, and from Thomas Watson to Rosa Esterak of July 5, 1926, together with right-of-way deeds from Rosa Esterak to United Producers Pipe Line Company, of September 5, 1928, and to Road District No. 1 of Austin County, of September 5, 1928.

■ Among a number of others, appellants present these two contentions:

(1) That, because of the eleven-year lapse of time between the delivery of the deed to Rosa Esterak in 1926 and the filing of her suit—with the objective indicated—on account of such alleged fraud in 1937, her action had become barred by the four years' statute of limitation, R.S.Article 5529.

The answer to this plea of limitation, however, seems to be:

(a) While the cited four-year statute does apply to such an action as this is here held to be, it did not bar it as a matter of law, because the suit was based upon fraud, rather than mutual mistake, as in Pure Oil Co. v. Ross, 131 Tex. 41, 111 S. W.2d 1076;

(b) That in such instances "the limitation period begins when the fraud is actually discovered, or should have been discovered by the exercise of that diligence and prudence which, under the circumstances of the case, the law imposes." 20 Tex.Jur. p. 112; Glenn v. Steele, Tex.Sup., 61 S.W.2d 810; Stroud v. Pechacek, Tex. Civ.App., 120 S.W.2d 626; Mason v. Peterson, Tex.Com.App., 250 S.W. 142.

■ (2) That, as the appellee's pleading—and indeed the appealed-from judgment of the court—disclose, this suit was really one for the reformation of the deed by elimination therefrom of the quoted mineral reservation provision, rather than one for the removal of a cloud from appellee's title resulting from the inclusion of such reservation, hence the nature of the action was mistaken, and the suit was tried and determined on a mistaken theory.

This latter contention is sustained, it being clear to this court, as presaged in its general statement, supra, that if the deed had been reformed so as to speak the agreement as contended for by the appellee, there would have been no cloud cast upon her title, and she would have been invested with a complete, clear, and unclouded title to the 80 acres, without any decree of the court to that effect. In other words, the suit, in legal effect, was simply one to correct the 1926 deed, by striking out the quoted mineral reservation provision therefrom, and having the court then declare the full title to the land to be in the appellee. It could not have so declared, unless and until the reservation provision had been eliminated by such a reformation. Pure Oil Co. v. Ross, 131 Tex. 41, 111 S.W.2d 1076. It is true in this instance that Mrs. Esterak was in possession of this land at all material times, but unlike the situation

in State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, and authorities there cited, the deed she herein declared upon was not void but at most only voidable as to the one provision thereof so attacked for fraud, and the question of fraud had to be litigated before its final legal effect could be determined. This case, therefore, did not fall into the class of "continuing clouds".

The trial having thus been upon a wrong theory of law, there was no basis properly established for a judgment in favor of either side; it further appears, it is thought, that issues of fact over whether or not the mineral reservation was put into the deed by fraud were raised, as well as over when limitation, as prescribed in R.S.Article 5529, supra, began to run, and that none of such issues were properly tried out below.

The judgment will, accordingly, be reversed and the cause remanded.

Reversed and remanded.