**LA FLEUR v. KINARD et al.**

No. 3958.

Court of Civil Appeals of Texas. Beaumont.

March 26, 1942.

Rehearing Denied April 15, 1942.

142

W. S. Parker, of Beaumont, and R. Lee Davis, of Orange, for appellant.

H. M. Kinard, E. L. Reid, and K. W. Stephenson, all of Orange, for appellees.

WALKER, Chief Justice.

On the 15th day of July, 1940, appellant, Mrs. Emiline LaFleaur, a widow, instituted this suit against appellees, Hollis Kin-

ard and E. L. Reid, in the district court of Orange county to cancel, on allegations of fraud in securing its execution, the following written instrument:

"The State of Texas
"County of Orange
   "Know All Men By These Presents:
   "That I, Mrs. Emiline LaFleaur, widow of Henry LaFleaur, do hereby employ Hollis Kinard and E. L. Reid, attorneys at law of Orange County, Texas, to represent me individually and as Executrix of the Estate of Henry LaFleaur, Deceased, in defending the suit now pending in the District Court of Orange County, Texas, styled Macyl Switzer, et al, v. Emiline La-Fleaur, No. 6808, and for such services I hereby agree to pay to the said Hollis Kinard and E. L. Reid the sum of One Thousand ($1,000.00) Dollars cash, and do hereby transfer and convey to the said Hollis Kinard and E. L. Reid their heirs and assings, an undivided 1/40th. royalty interest in perpetuity in and to all of the oil, gas or other minerals that may be at any time hereafter produced from the following described tracts of land in. Orange County, Texas, to-wit: (here follows the description of four tracts of land in Orange county, containing about 157 acres).

   "The grantor, however, reserves to herself, her heirs and assigns, the exclusive right to receive all rentals and bonuses from the mineral lease now held by the Gulf Production Company on said above described land and from all other or further leases that may hereafter be executed at any future time, and the grantor reserves to herself, her heirs and assigns, the right exclusively to execute mineral leases upon such property on such terms and for such consideration as to her, or them, may seem proper, so long as said leases shall not deprive the grantees of the royalty herein conveyed to them. It being intended hereby to grant to the said Hollis Kinard and E. L. Reid, their heirs and assigns, the right to receive a 1/40th. royalty under the lease now held by the Gulf Production Company, and a 1/40th. royalty in and to any other oil, gas or mineral lease that may ever at any time in the future be made upon such lands.

   "To Have and To Hold the above described royalty interest to the said Hollis Kinard and E. L. Reid, their heirs and assigns, forever, and I hereby bind myself, my heirs and assigns, to forever war-

rant and defend said interest so conveyed against all persons whomsoever claiming or to claim the same or any part thereof.

"The said Hollis Kinard and E. L. Reid hereby accept the above employment and agree that for the consideration hereinabove stated to represent the said Emiline LaFleaur, individually and as Executrix of the Estate of Henry LaFleaur, Deceased, in defending the suit hereinabove referred to now pending in the District Court of Orange County, Texas.

"The said Hollis Kinard and E. L. Reid hereby constitute and appoint the said Mrs. Emiline LaFleaur, her heirs and assigns, as their agent and/or agents to execute oil, gas and mineral lease on the lands hereinabove described.

"The interlineation on the first page hereof after the name E. L. Reid of the words: 'their heirs and assigns' was made before the signing and execution hereof.

"Witness the act and signature of the parties hereto in Duplicate Originals this the 13th. day of May, A. D. 1936.

> "Emiline LaFleaur
> "Hollis Kinard
> "E. L. Reid."

For cause of action, appellant alleged that appellees had been employed by her on the 12th day of May, 1936, to represent her in the litigation named in the instrument in controversy on a cash fee of $1,-000, which she paid, and that the next day, May 13, 1936, on representations to her by appellees that the instrument in controversy was a simple power of attorney to them to represent her in the litigation, she executed the instrument, but that she would not have executed it had she known it was a conveyance of an undivided interest in her royalty interest. Appellees answered by demurrers, general denial, and pleas of the statute of limitations of two and four years. Trial was to a jury. Judgment was against appellant and in favor of appellees on an instructed verdict, from which she has duly prosecuted her appeal to this court.

■ We overrule appellees' exceptions to appellant's assignments and propositions; the rule is that error is shown against a judgment on an instructed verdict on statements in the briefs, when it is made to appear that determinative fact issues were raised by the evidence which should have been sent to the jury. Harlington Land & Water Co. v. Houston

Motor Car Co., Tex.Com.App., 209 S.W. 145; Wilson v. Armstrong, Tex.Civ.App., 236 S.W. 755.

Appellant contends that the evidence raised against appellees the following issues of fraud:

■ (1) She contends that the instrument in controversy was executed by her to appellees without consideration and at a time when they were her retained attorneys. The evidence does not support this contention. She was served with citation in the case named in the instrument in controversy, Macyl Switzer et al. v. Emiline LaFleaur, on the 12th day of May, 1936. On the next day she went to Orange to retain appellee Kinard as her attorney. At his suggestion, he and she went from his office to appellee Reid's office to retain him also in the case. While in Mr. Reid's office, appellees made a cash fee with appellant of $1,000 and the royalty interest described in the deed in issue. After the instrument was executed, appellant and her attorneys went to appellant's bank where an officer of the bank wrote the check for $1,000, payable to appellees, but dated it on the 12th of May. The facts of the record, which can not be controverted, show that, though this check was dated the 12th of May, it was in fact not written until the 13th of May. It is the law that the relation of attorney and client is not created until the employment is perfected. 7 C.J.S., Attorney and Client, § 127(2), p. 967; 2 R.C.L. Sec. 120, p. 1036; Hames v. Stroud, 51 Tex. Civ.App. 562, 112 S.W. 775; White v. Burch, Tex.Civ.App., 19 S.W.2d 404; Jinks v. Moppin, Tex.Civ.App., 80 S.W. 390; Johnson v. Cofer, Tex.Civ.App., 113 S.W.2d 963; Stout v. Smith, 98 N.Y. 25, 50 Am.Rep. 632; Kidd v. Williams, 132 Ala. 140, 31 So. 458, 56 L.R.A. 879.

■ (2) Appellant's second point is that the evidence raised in her favor the issue that she executed the instrument on representations made to her by appellees that the instrument in issue was a power of attorney. On appellant's own testimony, the instrument was dictated by appellees to their stenographer in her presence, and was read to her after it was prepared by the stenographer. On her testimony, she fully understood the nature of the instrument at the time she executed it; that it was a conveyance of an interest in her royalty, and not a power of attor-

ney. She testified that she told appellees not to let her children know she had executed the conveyance—she did not want them to know because, if they knew it, they would make trouble. Her daughter, who was with her at the time the instrument was executed, testified for appellant that she told her mother that the instrument was a conveyance of the interest in her royalty. Appellant testified that appellee Kinard demanded an interest in the royalty as a part of the fee, saying that it was valuable oil land, and that the notary public who took her acknowledgment to the instrument testified that he explained it to her.

■ (3) The instrument in issue conveyed to appellees "an undivided 1/40th royalty interest." Appellant contends that appellees represented to her that the instrument conveyed only an undivided 1/40th of her royalty. The evidence does not support that contention. On appellant's own testimony, she understood that appellees would receive one barrel out of every forty produced from her land; this testimony effectually rebuts her construction of the contract that appellees were to receive only one barrel out of every 320 produced on her land.

■ (4) Appellant further contends that the fee charged her by appellees was excessive to the extent of constituting a fraud against her. That issue was not made by the pleadings, we also say it was not raised by the evidence. At the time of the execution of the instrument, the land described in the contract was not even in wildcat territory; no oil had been produced near it; there was no basis for calculating its market value. Subsequently the oil field came in, but that fact did not make the fee fraudulent.

■ We sustain appellees' counter proposition, that appellant's cause of action was barred by the statute of limitation of four years. Vernon's Ann.Civ.St. art. 5529. The contract in issue was executed on the 13th of May, 1936; this suit was filed on July 15, 1940. An action to rescind or cancel an instrument, on allegations of fraud, which is the nature of appellant's cause of action, is barred by the statute of limitation of four years. McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Ebert v. Smith, Tex. Civ.App., 146 S.W.2d 432. Against this conclusion, appellant contends, first, that her cause of action was in the nature of an action to quiet title. That contention is denied. On the allegations of her petition she had no title to the property conveyed by the instrument; her title had been divested out of her by the instrument in issue. To recover title it was necessary that the instrument be cancelled. The action to remove cloud from title is necessarily based on allegations that the plaintiff owns the title and that the adverse claim constitutes a cloud, or impediment to the title of plaintiff. Bell v. Esterak et al., Tex. Civ.App., 150 S.W.2d 301; Pure Oil Co. v. Ross, 131 Tex. 41, 111 S.W.2d 1076; Reese v. Granau, Tex.Civ.App., 27 S.W.2d 591; Simms v. City of Mt. Pleasant, Tex.Civ.App., 12 S.W.2d 833; Ballard v. Carmichael, Tex.Sup., 17 S.W. 393. Her second point is that, by their conduct, appellees tolled the running of the statute. This contention is also denied. In connection with the execution of the instrument, and as a part of the transaction, appellee Kinard informed appellant that it was his purpose to retain his interest in the land conveyed to him; his subsequent conversations with appellant were not of a nature to induce her to believe that he would convey his interest back to her. She testified that he promised to tear up the instrument; the destruction of the instrument would not have divested the title out of appellee Kinard, and there was no contention that he promised to reconvey it. There was no testimony whatever connecting appellee Reid with any proposition of rescission.

■ There is much testimony in the record by appellant's witnesses—her children—imputing fraud to appellees, but her own testimony completely exonerates them of every element of fraud charged against them. This testimony by appellant was not modified nor withdrawn, and she is therefore bound by it. On her testimony, the court correctly instructed the verdict. The rule on this proposition was stated as follows by our Supreme Court in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569, 570: "The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good

**148**

faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him."

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.

O'QUINN and COMBS, Justices.

We concur in the conclusions of fact and law drawn by Mr. Chief Justice WALKER from the record in this case, and in his conclusion that the testimony of appellant exonerates appellees from every imputation of fraud charged against them.