**Oddisy WALDEN, Appellee,**

v.

**CONASAUGA RIVER LUMBER COMPANY, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

June 6, 1988.

Michael Murphy, Dickins & Irwin, Chattanooga, for appellant.

Gene Sinor, Cleveland, for appellee.

## OPINION

COOPER, Justice.

Conasauga River Lumber Company has appealed a judgment awarding Oddisy Walden permanent partial disability benefits as the result of a back injury sustained in an on-the-job accident. Appellant insists the evidence shows a causal connection between false representations made by appellee on his employment application and the injury that is the basis of the worker's compensation claim, and that the chancellor was in error in awarding plaintiff benefits.

Appellee was employed as a laborer by appellant in July, 1985. The employment application completed by appellee shows that appellant had never had a back injury, nor made claim for worker's compensation benefits.

On September 13, 1985, appellee injured his back when he leaped from a loading ramp to a nearby stack of lumber to avoid being hit by a heavy piece of lumber. The incident was reported to appellee's supervisor, who gave appellee some pain pills and told him to take it easy. Appellee remained on the job until October, 1985, when his employer referred him to Dr. Proffit for medical treatment. In turn, Dr. Proffit referred appellee to Dr. Charles Sternburg, a neurosurgeon practicing in Chattanooga, Tennessee. Dr. Sternburgh ultimately performed surgery on appellee and removed a disc that was protruding laterally so that it had entrapped a nerve root.

Appellant paid worker's compensation benefits until it learned that appellee's application for employment did not reflect his true medical history. Thereafter, it took the position that appellee was estopped from recovering worker's compensation benefits.

In *Federal Copper and Aluminum Company v. Dickey,* 493 S.W.2d 463 (Tenn. 1973), this Court held that three factors must be present before a false statement in an employment application will bar recovery of worker's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to his physical condition. Second, the employer must have relied upon a false representation and this reliance must have been a substantial factor in the hiring. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which

the worker's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. *See Federal Copper & Aluminum Company v. Dickey, supra.* Except in the most obvious cases, such causation must be established by expert medical testimony. *Cf. Floyd v. Tennessee Dickel Distilling Company,* 225 Tenn. 65, 463 S.W.2d 684 (1971).

It is undisputed in the record that two of the three required factors are present in this case. Appellee injured his back on two earlier occasions, one in 1979 and the other in 1981. Plaintiff intentionally did not report the injuries in making application for employment with Conasauga River Lumber Company. Further, the record shows that Conasauga would not have employed appellee if it had known of the earlier injuries. The only disputed issue is whether the earlier injuries, and the resulting physical condition of the appellee, are causally related to the injury upon which appellee's present claim is based. As heretofore noted, this is a factual issue and one which the chancellor found in favor of appellee.

Only two physicians testified on the issue of causal relationship. The first was Dr. Sternburgh, who treated appellee over a period of several months and who performed the back surgery. He expressed the opinion that the 1985 injury at Conasauga was "the cause of the pathology which [he] found in the operating room." Dr. Sternburgh knew of the 1981 injury sustained by plaintiff but not of the 1979 injury. Hospital records of both earlier injuries were made available to Dr. Sternburgh in the course of the taking of his deposition. Dr. Sternburgh was then questioned on the issue of causal relationship, with emphasis being placed on the earlier injuries. Dr. Sternburgh pointed out that in the four year interval between the 1981 injury and appellee's employment by appellant, appellee had performed heavy physical labor that required constant stooping, bending, and lifting, which convinced Dr. Sternburgh "that [appellee's] back was in good shape" when he began working for Conasauga. He then stood by his opinion that there was no causal relationship between the earlier injuries and appellee's on-the-job injury at Conasauga. Dr. Sternburgh also testified that appellee has a permanent partial disability of twenty-five percent to the body as a whole from the 1985 injury and resulting surgery.

Dr. Charles Hughes examined appellee at the request of appellant. He also reviewed appellee's medical history, including the records prepared by Dr. Sternburgh and the hospital records concerning appellee's 1979 and 1981 injuries. Dr. Hughes testified that appellee's present problems "would have to be related to all previous back injuries, since they are all involve (sic) the same symptom complex and probably the same interspace and probably the same disc fragment." Dr. Hughes also expressed the opinion that appellee had only a five percent permanent partial disability as the result of his injuries and surgery.

The chancellor concluded that the appellant had not carried its burden of showing a causal connection between the misrepresentations in appellee's application for employment and the 1985 injury that is the subject of this action. From our review of the record, we cannot say the evidence preponderates against the finding on the issue.

Judgment affirmed. Costs of the appeal will be paid by appellant and its surety.

HARBISON, C.J., FONES and O'BRIEN, JJ., and BYERS, Special Judge, concur.