467 P.2d 84

STATE COMPENSATION FUND and City Products Corporation, (Crystal Ice & Cold Storage, Division of City Products Corporation), Petitioners,

v.

Tiburcio GARCIA AND INDUSTRIAL COMMISSION of Arizona, Respondents.

No. 1 CA–IC 321.

Court of Appeals of Arizona, Division 1, Department A.

March 18, 1970.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for petitioner State Compensation Fund.

Donald L. Cross, Chief Counsel, by William C. Wahl, Jr., Phoenix, for respondent Industrial Commission of Arizona.

Gorey & Ely, Phoenix, for respondent Tiburcio Garcia.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari brought by the petitioner, State Compensation Fund to test the lawfulness of an award and findings of the Industrial Commission issued June 30, 1969, awarding unscheduled permanent partial disability compensation to the respondent Tiburcio Garcia.

On October 22, 1963 Mr. Garcia, a then fifty-five-year-old male, suffered a back injury while employed as a laborer for Crystal Ice and Cold Storage Company. This claim was ultimately closed with the entry of a findings and award for unscheduled permanent partial disability. The award stated that Mr. Garcia had a five percent general physical functional disability, but no loss of earnings.

On October 16, 1965 Mr. Garcia sustained a second industrial back injury while employed by Crystal Ice & Cold Storage Company.

On November 11, 1965 back surgery was performed by Dr. James D. Alway, consisting of a hemilaminectomy.

On January 20, 1967 the second claim (BC 43006) was closed by entry of a findings and award for temporary disability which became final. On November 1, 1967 a petition to reopen for new, additional, and previously undiscovered disability was filed pertaining to Claim No. BC 43006 by claimant in propria persona. On November 10, 1967 a findings and award allowing reopening of claim was entered pertaining to BC 43006. On March 4, 1968 a findings and award pending determination of earning capacity was entered, which was not protested. On February 20, 1969 a loss of earning capacity hearing was held pursuant to the March 4, 1968 findings and award. On May 12, 1969 a decision upon hearing and additional findings and award for unscheduled permanent partial disability was entered, which decision is the subject of the instant writ. Specifically, the petitioner (State Compensation Fund) objects to two areas covered by the findings and award of May 12, 1969. The first is the finding number one which refers back to findings one through five in the previous award issued on March 4, 1968. Of these numbered findings, number four is pertinent, and reads as follows:

"4. That said applicant suffered a prior industrial injury on October 22, 1963, Claim No. AY 44333, which resulted in a 5% general physical functional disability, with no loss of earning capacity; that as the result of the above injury of October 16, 1965, said applicant required spinal surgery, and there is no greater disability than that previously awarded on Claim No. AY 44333, however, said applicant is unable to return to his previous occupation."

In the May 12, 1969 award the other area complained of by the petitioner is contained in findings No. 3 and No. 4 which read as follows:

"3. That the applicant has sustained an 80.74% reduction in earning capacity and is therefore entitled to an award of $172.88 per month until further order of the Commission, pursuant to the provisions of A.R.S. § 23–1044.

"4. That the aforesaid determination that the applicant has sustained an 80.-74% reduction in earning capacity is based upon the following facts:

"(a) Applicant is 61 years of age.

"(b) Applicant has no formal education but has had special training as a carpenter.

"(c) Applicant has worked as a laborer for most of his adult life.

"(d) Applicant had a prior back injury resulting in a 5% general disability prior to the accident of October 16, 1965.

"(e) Applicant's average monthly wage was established at $389.32.

"(f) The industrial episode of October 16, 1965 prevents applicant from returning to his usual occupation as a laborer.

"(g) Applicant has undergone back surgery and cannot do work which involves repetitive bending, heavy lifting or walking long distances.

"(h) Applicant has not been awarded benefits for disability from the Social Security Administration.

"(i) Applicant has the physical and mental ability to perform the services of a carpenter doing light carpentery work on a free lance basis, and in such capacity can reasonably be expected to earn the sum of $75.00 per month."

The petitioner contends that the Commission is without jurisdiction to issue an award finding a loss of earning capacity in a claim which has been closed with a finding that the claimant suffered no loss

of earning capacity over and above a 5% general physical functional disability awarded in a previous claim; and, that the finding that the claimant suffered an 80.-74% reduction in earning capacity as the result of his industrial injuries was not reasonably supported by the evidence.

■ We first consider whether the Commission was without jurisdiction to enter an award in the second claim granting the petitioner compensation for loss of earning capacity. While we are in agreement with the Fund that the Commission cannot make an award of loss of earning capacity entitling a workman to compensation without a previous finding of a general physical functional disability, it is our opinion that in the instant case this is not jurisdictional. As we stated in Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968):

"The intention of the Legislature, and the long line of case law interpretation by the Court, has been that the interpretation of the Workmen's Compensation Law is to be a liberal one. Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172 (1965). We believe that the corollary of this is that the procedure should be simplified. The Supreme Court in Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959) admonished the Commission that proceedings before it are not adversary proceedings and that it is as much the duty of the Commission to encourage and evaluate proper claims fairly as it is to expose and reject improper claims. The intention of the Workmen's Compensation Act was to provide benefits for workmen injured in the course and scope of their employment, and to do so by a relatively informal administrative procedure which would be less cumbersome and time consuming than formal court action."

Rule No. 5, General Rules of the Industrial Commission of Arizona, states:

"Forms Supplied:—In order to assist the parties in presenting their claims before the Commission (*without the necessity of employing an attorney*) certain forms have been prepared and will be supplied free of charge. No other forms are either necessary or advisable for the above purpose." (Emphasis supplied.)

Relying upon this, the respondent Tiburcio Garcia at all times appeared in propria persona. His petition to reopen the claim carries a typewritten caption and a typewritten claim number, giving the claim number of the second injury. All other information on the form is handwritten. It was signed November 1, 1967, and stamped received by the Industrial Commission on that same date. Subsequently, on November 6, 1967, the following memorandum appears in the file:

"DATE: November 6, 1967

Re: Tiburcio Garcia—(BC 43006

To: Medical Director

From: Myrtle Jenkins, Claims Examiner Supervisor

"This claimant has petitioned to have his case reopened and reports have been submitted by Dr. Alway. The injury in question was sustained on 10–16–65. Laminectomy was performed on 11–11–65. Claimant was released for work on 5–1–66. He returned to work with no loss in earnings. Group consultation was held on 12–6–66 at which time the doctors reported the claimant has sustained no additional permanent over and above the 5% general physical functional disability which had been rated previously in February 1965 in Claim AY 44333, therefore, this case was closed with a temporary award on 1–20–67.

"We ask that you review Dr. Alway's report of 10–20–67 and report of 10–31–67 advise if the condition described is related to the injury of 10–16–65 or to the previous injury of 10–22–63 and requires further treatment. IL:JBS"

In handwriting at the bottom of this memorandum appears the following notation: "Probably related to 10–16–65 (initialed) PJW (date) 11–7–67." In the lower left-

hand corner is the following notation: "Approve reopening—M. Jenkins 11–8–67", also in handwriting. There is an award granting reopening for new, additional or previously undiscovered disability dated November 10, 1967. This is followed by the award of March 4, 1968 which carries the finding complained of, finding that petitioner suffered no general physical functional disability over and above the 5% previously awarded to him, but the award continues and grants the petitioner temporary compensation pending a determination of his earning capacity.

■ At this point, the attorneys for both the State Compensation Fund and the Commission were, or should have been, advised that the award for compensation had been issued in the wrong claim file. While the injured workman has the burden of proof in relation to establishing that he is entitled to compensation, Garrard v. Industrial Commission, 6 Ariz.App. 373, 432 P.2d 921 (1967), the Commission by its Rule No. 5 has undertaken to guide him through the morass of procedural details necessary to establish his claim. There was a similar situation in Strong v. Industrial Commission, 11 Ariz.App. 499, 466 P.2d 50 (filed March 12, 1970), in which a workman suffered an industrial injury which resulted in a disability to his left leg, called the leg claim, and subsequently suffered an injury to his back, called the back claim. The injured workman urged this Court to set the award of the Commission aside because it had erroneously paid compensation for the back injury from the leg-claim file. In that instance, we stated:

"This Court has in the past urged the Commission to consolidate cases when it is apparent that the injuries and the symptoms and disabilities flowing therefrom are difficult, if not impossible, to separate and where the same employer-employee relationship exists in both claims. Although in the instant case it appears that this was done inadvertently, still it is the procedure which meets with our approval, and we will not set the award aside on this basis."

■ It is our opinion that in the instant case either the Commission on its own motion, or the State Compensation Fund, should have moved to consolidate the two claims.

This case is distinguishable from Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003 (1970), in that in this case it was determined that petitioner had suffered a 5% general physical functional disability, albeit in a different claim, and had been erroneously directed by the Commission to proceed in the claim in which it had been determined that he had no disability, while in SIMS the Commission had not established that he suffered a physical disability.

■ This brings us to the second area complained of by the petitioner, State Compensation Fund. The Fund alleges that the finding that the claimant suffered an 80.74% reduction in earning capacity as the result of his industrial injuries was not reasonably supported by the evidence. We are in agreement with this contention, however it is the opinion of the Court that there was no evidence before the Commission at the time the award was issued to indicate that the injured workman had the physical and mental ability to perform the services of a carpenter doing light carpentry work on a free-lance basis, and in such capacity could reasonably be expected to earn the sum of $75.00 per month. In determining the future earning capacity of a disabled man the objective is to determine as nearly as possible whether in a competitive labor market the subject in his disabled condition can probably sell his services, and if so, for how much. Womack v. Industrial Commission, 3 Ariz.App. 74, 412 P.2d 71 (1966); Magma Copper Company v. Industrial Commission, 96 Ariz. 341, 395 P.2d 616 (1964); Sproul v. Industrial Commission, 91 Ariz. 128, 370 P.2d 279 (1962). In the instant case, a hearing was held on the subject of the injured workman's loss

of earning capacity. At this hearing the injured workman was the only witness who testified, and he was adamant in his testimony that because-of the pain and limitation of motion in his back he was unable to sell his services in the competitive labor market. A careful examination of the record reveals no testimony or report to the effect that work is available for the injured workman as a free-lance carpenter, and no testimony or report which even touches upon the wage scale for such employment.

For these reasons, it is the opinion of the Court that this award must be set aside, and that when returned to the Industrial Commission for further processing the two claims should be consolidated.

Award set aside.

STEVENS and CAMERON, JJ., concur.