481 P.2d 524

Mary Jo NEWMAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Phelps Dodge Mercantile Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 498.

Court of Appeals of Arizona, Division 1, Department B.

March 8, 1971.

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

Evans, Kitchel & Jenckes by John Orr Theobald, II, Phoenix, for respondent Phelps Dodge Mercantile Co.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund.

JACOBSON, Presiding Judge.

In this review by certiorari of an award entered by the Industrial Commission, we are asked to determine whether the Commission is unqualifiedly required to find permanent disability based solely on subjective symptoms.

Petitioner, a 42-year-old meat packer, on October 14, 1967, slipped and fell suffering a compensable back injury.[1] Proceedings before the Commission culminated in the finding of no permanent disability on May 19, 1970.

It is urged by respondent and conceded by petitioner that the medical testimony is unanimous to the effect that petitioner suffers no measurable impairment stemming from the October 14, 1967, injury. Indeed, all of the medical experts recommended that petitioner return to work, observing that her subjective complaints did not coincide with their objective findings.

Petitioner contends, however, that the absence of objective medical findings alone will not sustain a finding of no permanent disability where it is alleged that the petitioner is unable to return to work due to her subjective symptoms and where there is no evidence which casts doubt upon petitioner's credibility as to the existence of these symptoms, citing Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003 (1969), Supplemental Opinion, 11 Ariz. App. 385, 464 P.2d 972 (1970). We might concede that this is a correct statement of the law in the abstract case, but hasten to add that it is the rare case indeed where the absence of objective medical findings does not cast some degree of doubt as to the existence of such subjective symptoms. There was evidence before the Commission which removed this case from that rare classification.

▇▇▇ We first observe that the mere fact that a claimant has failed to return to his former employment does not establish an alleged disability. Davidson v. Industrial Commission, 72 Ariz. 314, 235 P. 2d 1007 (1951). Moreover, the Commission need not presume that a claimant's testimony is true where there is no corroboration by disinterested witnesses and where the claimant's testimony is impeached by the medical evidence itself. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964); Williams v. Williams Insulation Materials, Inc., 91 Ariz. 89, 370 P.2d 59 (1962). Such is the case here, where all the doctors testified that the petitioner's subjective complaints were not borne out by the medical findings. In particular, when asked about petitioner's complaint of pain resulting in nausea, Dr. Schwartzmann testified:

"A. Well, perpetuating of symptoms in degrees is a lot different than just the perpetuating of symptoms. She had no measurable signs, other than the swayback and potbelly, and it was postulated that that was causing backache, but pain to the point of being nauseated with a free range of motion and all is not consistent. She didn't have muscle spasm; she didn't have limited straight leg raising; she didn't have unilateral or asymmetric or symmetrical pain on motion, and those things go on severe nauseating pain. She didn't have them."

1. This case is decided on the law as it existed prior to January 1, 1969.

A thorough review of the entire record leads us to the conclusion that petitioner has failed to prove that her industrial accident caused or aggravated a condition which would justify permanent compensation. We therefore hold that the medical testimony supports the Commission's award based upon any theory of the petitioner's case.

The award is affirmed.

CASE and EUBANK, JJ., concur.