506 P.2d 1089

**Willie YOUNG, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**
**Del E. Webb Development Corp., Respondent Employer,**
**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 719.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 6, 1973.

Langerman, Begam & Lewis, P. A. by Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Comm. of Arizona.

Murphy, Posner & Franks, by James E. McDougall, and Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for respondent employer and respondent carrier.

HAIRE, Judge.

The sole issue presented on this review by certiorari of an Industrial Commission award is whether the hearing officer erred in refusing to grant petitioner's oral motion to amend his previously filed petition to reopen so as to allege "a claim for new injury, treating this petition for reopening as a new injury claim."

On July 1, 1968, petitioner sustained an industrial injury consisting of a back strain. His employer at that time was Del E. Webb Development Corporation, and the workmen's compensation insurance carrier was the State Compensation Fund. The petitioner's claim for benefits was accepted by the carrier, and petitioner received treatment over a six month period from a chiropractor. On December 30, 1968, petitioner was seen by Dr. Howard P. Aidem, an orthopedic surgeon, who was of the opinion that at that time petitioner needed no further treatment. On January 9, 1969, the chiropractor released petitioner without disability, and petitioner's claim was closed to further benefits.

From the time of petitioner's release in January 1969 until March 1970, petitioner continued working. In March 1970, while loading lumber on a truck, petitioner again hurt his back, and he "retired" on social security at that time. Although not working, petitioner's back pain continued, and in August 1970 he again went for treatment to the same chiropractic practitioner. The chiropractor diagnosed petitioner's injury to be a disc lesion directly related to and resulting from petitioner's industrial injury of July 1, 1968. Therefore, on August 12, 1970, petitioner's counsel filed with the Industrial Commission a petition to reopen the claim relating to the 1968 injury. The respondent carrier issued its Notice of Claim Status denying the petition to reopen, and the petitioner timely requested a hearing before the Commission. At hearings before the Commission, the chiropractor testified that in his opinion, petitioner's back problems were the result of the injury suffered in July 1968. On the other hand, Dr. Aidem, after a thorough examination of petitioner, testified that petitioner's August 1970 disability was not connected or related in any way to the injury of July 1, 1968, but rather, was caused by petitioner's new injury of March 1970, or by an excessive lumbar lordosis "which can cause chronic lumbar complaints". Dr. Aidem found no disc involvement.[1] At the hearing, immediately after the testimony of Dr. Aidem was received, and before the hearing officer entered his decision denying reopening of the July 1968, claim petitioner's counsel made an oral motion as follows:

". . . I would move that the petition to reopen that has been filed by the Applicant be amended to change that to a claim for a new injury, treating this.

---

1. In Chalupa v. Industrial Commission, 17 Ariz.App. 386, 498 P.2d 228 (1972), review granted (September 26, 1972), we pointed out the infirmities inherent in chiropractic testimony relating to medical causation.

petition for reopening as a new injury claim."

Subsequently the hearing officer denied the motion and entered an award denying the reopening, finding that petitioner had failed to prove that his continuing complaints were attributable to a new or undiscovered condition or disability related to the July 1968 injury, rather than to an intervening injurious episode in February or March, 1970 and/or to an excessive lumbar lordosis which was not affected or in any way aggravated by the 1968 injury.

In denying petitioner's oral motion to amend to allege a new industrial injury, the hearing officer stated:

" . . . the Workmen's Compensation Act and the Rules of Procedure Before the Industrial Commission contain provisions relating to the filing of claims, the giving of notice in connection therewith, processing of claims, and other matters in relation to claims based on the alleged occurrence of an industrial injury; the Act does not contemplate that a PETITION TO REOPEN an old CLAIM can, as a result of a hearing on the denial of a reopening, be treated as a CLAIM FOR BENEFITS; so regarding a PETITION TO REOPEN would be wholly inconsistent with the claims procedures and requirements established by the Act. . . ."

In our opinion the hearing officer correctly denied the motion. The jurisdiction of the Industrial Commission can only be invoked through following the claims procedure established by statute. In order for the Industrial Commission to gain jurisdiction over a particular accident, or claim, a formal application for benefits must be filed with the Industrial Commission and either accepted for benefits by the particular insurance carrier or denied, and the compensability of such injury placed into issue by timely petition for hearing. Illustrative of the dangers and confusion which might result in such a basic deviation as is here urged by petitioner is the respondent carrier's allegation that at the time of the alleged new injury of March 1970, a carrier other than the State Compensation Fund carried the respondent employer's workmen's compensation insurance, and thus would be responsible for the payment of any workmen's compensation benefits which might be attributable to the March 1970 episode. Under our workmen's compensation statutes this new carrier is entitled to have any new claims submitted to it for its own investigation and subsequent approval or denial, prior to the holding of any Industrial Commission hearings relating thereto. A.R.S. § 23-947.

We emphasize that the complained of award does not deny petitioner compensation for any industrial injury which he may have suffered in March 1970. Insofar as the record before this Court reveals, he has never filed a claim for benefits relating to that injury. We express no opinion as to whether petitioner could, at a proper hearing on that claim, establish facts which would bring him within one of the exceptions to the one year limitation set forth in A.R.S. § 23-1061, subsec. A. *Cf.* Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972). If petitioner's counsel had any doubt as to which injury (if either) caused petitioner's disability, he could have filed both the petition to reopen and a new claim, and then (if denied by the carriers), move for consolidation for hearing before the Commission. *See* State Compensation Fund v. Garcia, 12 Ariz. App. 9, 467 P.2d 84 (1970); Strong v. Industrial Commission, 11 Ariz.App. 499, 466 P.2d 50 (1970).

The evidence before the Commission fully supported the Commission's denial of the petition to reopen. The award is affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.