512 P.2d 1237

**Donald M. MATTHEWS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Estes Brothers Construction Co., Respondent Employer,**

**The Home Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 810.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 2, 1973.

Rehearing Denied Sept. 11, 1973.

Review Denied Oct. 16, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Ariz.

Glen D. Webster, Jr., Phoenix, for respondents employer and carrier.

HAIRE, Judge.

The question stated by the petitioner in this review of an award entered in a workmen's compensation proceeding is whether the absence of objective medical proof of injury alone will sustain a finding of no permanent disability where petitioner is unable to return to work due to subjective symptoms and there is no evidence which casts doubt on petitioner's credibility. The obvious answer to this question is no. *See* Newman v. Industrial Commission, 14 Ariz.App. 154, 481 P.2d 524 (1971). This conclusion would require that the Commission's award be set aside if the question had any relevance to the matter before us on review. Unfortunately for the petitioner, it does not.

First and foremost, we note that Dr. John Cortner, the orthopedic surgeon who testified at the hearing, stated that in his opinion the petitioner was in fact disabled. In addition, the hearing officer expressly found that the petitioner was suffering from a continuing disability. Thus we do not have a situation where despite the petitioner's subjective symptoms, there has been a finding of no disability. The basic problem presented was not whether petitioner was suffering from a disability, but rather whether that disability was referable to his injury of March 30, 1971 (a claim involved in this review), or to a previous injury sustained in 1965 involving a different carrier and a different employer.

To put the matter in proper perspective, the petitioner was seen and exam-

ined on March 29, 1971 (one day before his alleged second injury) by Dr. Cortner for a disabling back condition. He told Dr. Cortner that because of his back pain he had been unable to work for the past three days. Subsequently, at the hearing in this matter, the petitioner testified that while he was at work on the day following his examination by Dr. Cortner, and while loading some pipe on a truck, he hurt his back and went home. Some three days later, on April 3, 1971, he was again examined by Dr. Cortner. At the hearing it was brought out that Dr. Cortner had seen the petitioner several times over the past two years concerning his back problems. Dr. Cortner also testified as to the results of his examinations of petitioner on March 29, 1971 and April 3, 1971.

After hearing the evidence, the hearing officer concluded that petitioner had in fact suffered a new injury on March 30, 1971, and awarded him medical benefits through April 3, 1971 concerning that injury. However, the hearing officer further concluded that by April 3, 1971, the petitioner had returned to his pre-injury condition, and that his continued need for medical treatment and his continued disability were not referable to the injury of March 30, 1971.

The record abundantly supports the hearing officer's conclusions, and the award must be affirmed.

One procedural aspect of this review deserves comment. During the pendency of this matter before this court, petitioner's counsel filed a motion requesting that consideration of this review be delayed pending a ruling by the respondent Commission in Case No. 2/W–01–54, State Compensation Claim No. BC 13183, which concerns a petition to reopen petitioner's 1965 claim. The basis for the motion was the fear that his client might be placed in the "intolerable position" of having the award in this matter affirmed, while at the same time the Commission might deny the reopening of the 1965 claim upon the theory that his disability was attributable to the 1971 injury.

In Young v. Industrial Commission, 19 Ariz.App. 304, 506 P.2d 1089 (1973), we recognized the dilemma posed by a fact situation involving disability possibly attributable to one or the other of two separate industrial injuries. We stated:

"If petitioner's counsel had any doubt as to which injury (if either) caused petitioner's disability, he could have filed both the petition to reopen and a new claim, and then (if denied by the carriers), move for consolidation for hearing before the Commission. *See* State Compensation Fund v. Garcia, 12 Ariz. App. 9, 467 P.2d 84 (1970); Strong v. Industrial Commission, 11 Ariz.App. 499, 466 P.2d 50 (1970)." 506 P.2d at 1091.

■ While this matter was pending before the Industrial Commission, and prior to the hearing before the Commission, the *respondent carrier* recognized petitioner's dilemma and did move for consolidation with the 1965 claim. A prerequisite to consolidation before the Commission would have been the filing of a petition to reopen the 1965 claim by petitioner's counsel. This he refused to do, apparently upon the hope that he would obtain a permanent disability award referable to the 1971 injury with its higher wage base. Accordingly, the Commission had no alternative but to deny the consolidation requested by the carrier. After the Commission entered its award concerning the 1971 injury, petitioner's counsel then belatedly did file a petition to reopen the 1965 claim, and now faces the "intolerable position" of which he has complained in his motion to delay the court's consideration of this matter.

In view of the foregoing, it is readily apparent that this "intolerable position" was the result of counsel's own making, and the resulting dilemma cannot be a factor to be considered by this court in rendering its decision on the award subject to this review.

The award is affirmed.

JACOBSON, Chief Judge, Division 1, and EUBANK, P. J., concur.