546 P.2d 35

**Andrew E. COTTON, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Phoenix, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1335.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 19, 1976.

Rehearing Denied March 30, 1976.
Review Denied April 27, 1976.

Daggett & Ullman, by James A. Ullman, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondents employer and carrier.

## OPINION

NELSON, Presiding Judge.

This writ of certiorari was brought by the petitioner, Andrew E. Cotton (Cotton), to challenge the Industrial Commission's award denying his petition to reopen. After a careful review of the record, we must agree with the Commission's decision that the petitioner failed to sustain his burden of proving the requisite elements of a petition to reopen under A.R.S. § 23–1061(H). We therefore affirm the award.

On June 7, 1971, petitioner Cotton, an employee of the City of Phoenix, sustained an industrial injury to the low back. Workmen's compensation benefits were received for this injury. In 1972 the claim was closed on the theory that Cotton had sustained no permanent disability.

On October 1, 1973, Cotton filed a petition to reopen. This petition was denied and a hearing followed. The post-hearing decision and award denying reopening was dated April 12, 1974. This award was not protested and it became final. A second petition to reopen was filed with the Commission on August 2, 1974. It was denied on the basis that there was insufficient evidence to establish a new, additional or previously undiscovered disability causally related to the claim sought to be reopened. A hearing was held on January 16, 1975, after which the petition to reopen was again denied. This denial of the second petition is now before us on a writ of certiorari.

The petition to reopen with which we are concerned here was supported by a medical report authored by Dr. Frederick P. Snyder. Dr. Snyder treated Cotton for a 1966 industrial claim which is not at issue here. While Dr. Snyder did not treat the petitioner for the 1971 injury, he did

treat Cotton in 1973, after a work-related paint-stacking incident.

At the hearing, Dr. Snyder, a specialist in orthopedic surgery, testified that he performed a myelogram on May 7, 1974 followed by surgical procedures on May 10, 1974 for the excision of a disc. The discharge diagnosis was discogenic disease at L4–5 with left sciatica. Relating these medical procedures to the 1971 industrial injury becomes difficult when the 1973 paint-stacking incident is considered. The medical testimony was unclear on the essential issue of whether the 1973 incident was an aggravation of the existing 1971 injury or a new injury.

Petitioner testified that between the 1971 industrial injury and the 1973 incident he suffered pains in his back and left leg. After the 1973 incident, the pain extended to the right leg. The surgical procedure apparently alleviated much of the pain.

Additional difficulties in establishing the causal relation between the 1971 injury and the alleged new condition upon which the petition to reopen is based are evident in the testimony of Dr. Snyder:

"Q. (by the HEARING OFFICER): Let me ask you a question, Doctor. I am confused. You relate the condition that you found and the necessity for surgery and the myelogram to the 1971 episode?

"THE WITNESS: Or '73. I can't be sure.

"HEARING OFFICER: That is the key question. There is a '73 incident. Is that an aggravation of a preexisting condition? Do you have an opinion on that?

"THE WITNESS: I can't tell. I couldn't—

"HEARING OFFICER: Then you are not able to unequivocally state that this is due to the '71 injury alone? It is one or the other?

"THE WITNESS: Yes, I would say so. If his work history from '66 to '71 was

good, then I would have to say that something has happened to him in '71. And whether that tilted the scales at '71 or at '73, I can't tell."

Findings 9 and 10 of the January 16, 1975 award are illustrative of the hearing officer's analysis of the problem:

"9. Moreover, Dr. Snyder was unable to state to a reasonable degree of medical certainty that applicant's complaints or condition on August 2, 1974 was related to the industrial episode of June 7, 1971.

"10. Evidence offered at the hearing of January 14, 1975 indicated that applicant may have sustained a new and subsequent industrial injury in September, 1973, and that applicant's complaints and conditions as of August 2, 1974 may have been causally related to the alleged industrial episode of September, 1973."

Our task in reviewing awards of the Industrial Commission is to view the evidence in a light most favorable to sustaining the award. Findings will be upheld if they are reasonably supported by the evidence. *Micucci v. Industrial Commission of Arizona,* 108 Ariz. 194, 494 P.2d 1324 (1972). On a petition to reopen, the petitioner must affirmatively show a new, additional, or previously undiscovered condition, related to the claim sought to be reopened. A.R.S. § 23–1061(H); *In Re Estate of Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969); *Siqueiros v. Industrial Commission of Arizona,* 20 Ariz.App. 104, 510 P.2d 415 (1973); *Elliott v. Industrial Commission of Arizona,* 4 Ariz.App. 181, 418 P.2d 611 (1966).

We agree with the Commission's finding that the petitioner failed to establish the requisite elements of a petition to reopen. The record is devoid of medical testimony connecting the 1971 injury with the August 1973 incident and resultant condition or disability. Quoted portions of the transcript above clearly show that the testimony of Dr. Snyder fails to support

the petitioner's claim for reopening. There was no other evidence introduced to reflect upon causal relationship. This failure of proof serves to distinguish this case from *Siqueiros v. Industrial Commission of Arizona,* supra.

■ Petitioner's assertion that a loss in earning capacity resulting from the 1973 incident is, in itself, sufficient for a reopening under A.R.S. § 23–1044(F)(2) and *Hunt v. Industrial Commission of Arizona,* 107 Ariz. 569, 490 P.2d 575 (1971) is well taken. It is not, however, a sufficient basis for reopening here, as it has not been shown that the reduction in earning capacity arose out of the injury of 1971 as required by statute.

While the petitioner's failure to sustain his burden of proof on this petition for reopening is a sufficient basis upon which to resolve this claim, another argument made on this appeal warrants brief consideration.

■■ The respondent State Compensation Fund argues that the unappealed decision and award denying the petition to reopen dated April 12, 1974 is res judicata. This matter is not properly before us now. *Hanrahan v. Sims,* 20 Ariz.App. 313, 512 P.2d 617 (1973); *Reed v. Frey,* 10 Ariz. App. 292, 458 P.2d 386 (1969). There was no mention of res judicata by the respondent or by the hearing officer in the decision and award presently on appeal. We agree with the petitioner that it would have been improper for the hearing officer to consider the res judicata issue. Petitions to reopen may be filed when necessary, provided that the statutory requirements set forth in A.R.S. § 23–1061(H) are complied with. In addition to this fact, the medical and surgical procedures reported by Dr. Snyder were performed after the award of April 12, 1974.

■ Since it appears that there may have been grounds for asserting an entirely new claim arising from the 1973 incident, this Court feels it proper to reiterate the strong suggestion found in *Young v. Industrial Commission of Arizona,* 19 Ariz.App. 304, 506 P.2d 1089 (1973). See also: *Culver v. Industrial Commission of Arizona,* 23 Ariz.App. 540, 534 P.2d 754 (1975). When it appears that an incident may be *either a new injury or causally related to a previous claim, the employee should file both a new claim and a petition to reopen.* If these are denied by the carriers, consolidation for hearing before the Commission should be requested.

In 1973 the following subsection was added to A.R.S. § 23–1061 to provide an additional means to insure that a claim would not fail for this reason:

> *"L. Upon application to the commission, and for good cause shown, the commission may direct that a document filed as a claim for compensation benefits be designated as a petition to reopen, effective as of the original date of filing. In like manner upon application and good cause shown the commission may direct that a document filed as a petition to reopen be designated a claim for compensation benefits, effective as of the original date of filing."* Laws 1973, Chap. 133, § 29.

This statute was in effect at the time of the January 16, 1975 hearing and could have, if it had been invoked when Dr. Snyder's testimony apparently became equivocal as to which injury was responsible for Cotton's current problems, precluded the result we now face. Since no application was made, as provided by A.R.S. § 23–1061(L), and no new claim was filed as urged by *Young,* supra, we have no more options in this cause than the hearing officer had.[1]

The award is affirmed.

WREN, and SCHROEDER, JJ., concurring.

1. Cotton was represented by different counsel at the hearing before the Industrial Commission in this cause.