616 P.2d 87

## ASSOCIATED GROCERS, Petitioner Employer,

**Associated Grocers, c/o Fred S. James & Company, Petitioner Carrier,**

v.

## The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

**Harold Van Horn, Respondent Employee.**

### No. 1 CA–IC 2308.

Court of Appeals of Arizona, Division 1, Department C.

July 15, 1980.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Donald L. Cross and Larry L. Smith, Phoenix, for petitioners employer and carrier.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Robert F. Retzer, Phoenix, for specially appearing carrier.

Machmer, Schlosser & Meitz by Ronald M. Meitz and Robert E. Siesco, Jr., Phoenix, for respondent employee.

## OPINION

JACOBSON, Presiding Judge.

The issue raised by respondent employee's motion to dismiss is whether a carrier who was a party to a "consolidated award" before the Industrial Commission is an indispensable party to a review of that award.

The posture of this matter before the Industrial Commission was the familiar situation of a claimant who, although presently suffering from one physical condition, is faced with the problem of determining whether that condition is the result of a prior industrial injury or is the result of a new industrial injury. The employee, Harold Van Horn, followed the usual proce-dure in this situation by filing a petition to reopen the prior industrial injury, which was the industrial responsibility of the State Compensation Fund, and a new injury claim, which would be the industrial responsibility of the self–insured employer, Associated Grocers, c/o Fred S. James & Company (Associated Grocers).

These matters were "consolidated" for hearing and on September 10, 1979, the hearing officer issued a "consolidated decision upon hearing and findings and award." This award denied the petition to reopen, but granted compensation benefits on the basis of a new injury. The self–insured employer, Associated Grocers, who was responsible for the new injury benefits, sought administrative review of the award. When that was denied, Associated Grocers filed a petition for special action review in this court. That petition specifically omits in its caption any reference to the reopening carrier, the State Compensation Fund, either by name, by carrier claim number, or by date of injury. A copy of the certificate of mailing of the petition for Special Action–Industrial Commission dated December 10, 1979 was mailed by the Clerk of this court to the State Compensation Fund as an informational matter only. Subsequently, the respondent employee filed this motion to dismiss the special action for failure to join an indispensable party, the State Compensation Fund. Associated Grocers opposed the motion. The omitted carrier, State Compensation Fund, filed a pleading objecting to any attempt to assert jurisdiction over it in this proceeding.

In its response, Associated Grocers concedes that the State Compensation Fund is an indispensable party to this review, but argues that for other reasons this should not be fatal to this review. We will discuss the reasons subsequently in this opinion. Acknowledging Associated Grocers' concession, because the procedural posture presented by this case is a recurring one, we deem it appropriate to discuss why we agree that the State Compensation Fund is an indispensable party in this Special Action–Industrial Commission.

In our view, the sole source of a hearing officer's authority to "consolidate" claims of this nature is contained in Rule 50, Rules of Procedure Before the Industrial Commission (A.C.R.R. R4–13–150).[1] We can find no other such authority and none is suggested to us. In this regard it is specifically noted that the Rules of Procedure for Workmen's Compensation Hearings do not contain a rule similar to Rule 42(a), Rules of Civil Procedure.[2]

However, Rule 50 speaks not of "consolidation", but of "joinder" and in this respect is similar to Rule 19(a) (joinder of persons needed for just adjudication) and Rule 20(a) (permissive joinder of parties) of the Arizona Rules of Civil Procedure. It is clear that the effect of a "joinder" under these Rules of Civil Procedure is to make the separate claims a single cause, and to make those who are parties to one claim parties to the other claim. Cf. Staffco, Inc. v. Maricopa Trading Co., 122 Ariz. 353, 595 P.2d 31 (1979). Analytically, it is our view that true joinder is particularly appropriate in the circumstances presented in the case before us because the claimant has but one present physical condition (claim), relief for which he is merely asserting on different authorities of liability.[3]

This is to be contrasted with the effect of "consolidation" under Rule 42(a), Arizona Rules of Civil Procedure, which does not have the effect of consolidating the claims into a single cause or changing the rights of the parties. See Torosian v. Paulos, 82 Ariz. 304, 313 P.2d 382, modified, 82 Ariz. 404, 313 P.2d 1120 (1957); Yavapai County v. Superior Court, 13 Ariz.App. 368, 476 P.2d 889 (1970).

We therefore conclude that when "consolidation" is made under Rule 50, a true joinder of the claims and parties is effected. More importantly, an adjudication of the joined claims results in a single award from which review must be taken. The "single award" concept is of crucial importance in Workmen's Compensation reviews as this court is strictly limited to either affirming an award of the Industrial Commission or setting it aside. A.R.S. §§ 12–120.21(A)(2) and 23–951(D). We may not modify, affirm in part, reverse in part, or reverse and remand the award with directions. Glover v. Industrial Commission, 23 Ariz.App. 187, 531 P.2d 563 (1975). Thus, on review, this court is without authority to consider a single portion of an award of the Industrial Commission, but must affirm the award as a whole or set aside the award as a whole. To set aside the consolidated award in this case, joined under Rule 50, would necessarily reexpose the State Compensation Fund to potential liability on a hearing de novo regarding the reopening claim. The State Fund, therefore, falls within the classic definition of an indispensable party. Town of

---

1. Rule 50, Rules of Procedure Before the Industrial Commission, states:

   (a) A hearing officer may join as a party applicant or party defendant any person, firm or corporation in favor of whom or against whom a right to relief may appear to exist and over whom the Commission may acquire jurisdiction.

   (b) Said joinder may be made upon application of any interested party or upon the presiding hearing officer's own motion if such joinder appears appropriate.

   (c) Any party seeking to join other parties shall make application and serve a copy on the party to be joined. Such application shall be filed with the presiding hearing officer at least thirty (30) days prior to the date set for any hearing.

   (d) Notice of joinder shall be sent by the presiding hearing officer to the party and such party shall appear and may participate in the proceedings as any other party.

2. Rule 42(a), Arizona Rules of Civil Procedure, provides:

   Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, or it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

3. Our discussion of "joinder" is applicable only to the type of case here under discussion which has as its bases common issues of fact and law. We make no determination as to whether a true joinder is effectuated in those cases where a common hearing is conducted because of administrative convenience or otherwise, but do not contain common issues of fact and law.

*Gila Bend v. Walled Lake Door Co.*, 107 Ariz. 545, 490 P.2d 551 (1971).

This result is consistent with the rationale underlying prior exhortations from this court that, in order to minimize the possibility of an unjust result, multiple claims of the type involved here should be consolidated on both the Commission and appellate court levels. *See Cotton v. Industrial Commission*, 26 Ariz.App. 58, 546 P.2d 35 (1976); *Coca–Cola Bottling Co. of Tucson v. Industrial Commission*, 23 Ariz.App. 496, 534 P.2d 304 (1975); *Matthews v. Industrial Commission*, 20 Ariz.App. 350, 512 P.2d 1237 (1973); *Young v. Industrial Commission*, 19 Ariz. App. 304, 506 P.2d 1089 (1973); *State Compensation Fund v. Garcia*, 12 Ariz.App. 9, 467 P.2d 84 (1970); *Strong v. Industrial Commission*, 11 Ariz.App. 499, 466 P.2d 50 (1970).

Having determined that the State Compensation Fund is an indispensable party, does the failure of Associated Grocers to include it in its petition for special action review prove fatal under the circumstances presented in this case? Rule 10(b), Rules of Procedure for Special Actions, which governs Industrial Commission reviews, requires that all parties to an Industrial Commission award be named in a petition for review of that award. Rule 10(b) states:

> (b) Such review shall be instituted by a petition designated as a "Special Action— Industrial Commission." The petition need not be verified but shall be signed by the petitioner or his attorney. The caption of the petition and all orders, writs, notices of appearance and briefs filed in the proceedings *shall name each party to the award*, including the Industrial Commission, and shall contain an appropriate designation of each party setting forth the interest of the party. The caption shall also contain the Court of Appeals case number, The Industrial Commission claim number and the insurer's claim number. The petition shall identify the award which is sought to be reviewed, including the date thereof, and shall request that the Clerk of the Court of Appeals issue a "Writ of Review" di-

recting The Industrial Commission to certify its records, proceedings and evidence to the Court of Appeals in accordance with subsection (c) of this Rule.

(Emphasis added.)

In arguing that the failure to include the State Compensation Fund in the petition for review should not result in dismissal, Associated Grocers notes that the Industrial Commission claim number did appear in the caption of the petition for review. Associated Grocers further points out that a copy of a December 18, 1979 letter from the Industrial Commission addressed to counsel for the employee regarding the special action was sent to Robert K. Park, who is chief counsel for the State Compensation Fund. Additionally, our review of the record indicates that a copy of the certificate of mailing of the writ of review was mailed to the State Compensation Fund as an informational matter. Citing *Hopper v. Industrial Commission*, 27 Ariz.App. 732, 558 P.2d 927 (1976), Associated Grocers argues that the award was sufficiently identified and that the State Compensation Fund was given sufficient notice of the petition for review.

The test against which Associated Grocers' argument must be examined is stated in *Hopper, supra* :

> A defect in identifying a party against whom an appeal is taken does not necessarily invalidate the appeal, *particularly where the judgment being appealed is sufficiently identified and sufficient notice is given so that the putative appellee is neither misled nor prejudiced.*

27 Ariz.App. at 737, 558 P.2d at 932. (Emphasis added.)

Examining the matter before us, we find that neither prong of the *Hopper* test has been met.

First, in *Hopper*, the inadvertent failure to name a party in the caption of a petition for special action review of an award of the Industrial Commission was not fatal to the review because the party was adequately identified by a claim number which could only refer to the omitted party. The same is not true, however, of the petition for

review in the case before us. We note that since the Industrial Commission has adopted the claimant's social security number as its ICA claim number, the claim number was the same in both the reopening and new injury claims and therefore it does not serve to identify particular claims or parties.

Secondly, it is questionable whether there is "sufficient notice" where the State Compensation Fund is omitted from the caption both by name and number. Such action might mislead the State Compensation Fund into believing that the omission was intentional. And, in fact, Associated Grocers has not contended that the omission was other than intentional. The certificate of mailing indicates that the State Compensation Fund was not notified as a party. Rather, an informational copy only of the certificate of mailing was provided; copies of the petition for review and the writ of review were not included. Finally, we find the letter from the Industrial Commission to counsel for the employee even more misleading. Again, the letter does not identify the reopening carrier by name or by number. And, while it is true that the letter does indicate that a petition for review is pending, it specifically states that claimant's counsel is expected to defend the award before this court. We find nothing in this informational copy that would signal necessary participation on the part of the State Compensation Fund.[4]

Under these circumstances we find that the rationale expressed in *Hopper, supra,* does not apply to excuse the omission of an indispensable party in this case.

Thus, we conclude that this court has not acquired jurisdiction over the State Compensation Fund. Being without jurisdiction over this indispensable party, we dismiss the petition for special action and quash the writ of review.

OGG, C. J., Division 1, and CONTRERAS, J., concur.

4. A copy of the letter is found in an appendix to this Opinion.

APPENDIX

**THE INDUSTRIAL COMMISSION OF ARIZONA**

P.O. BOX 19070–85005

1601 W. JEFFERSON

PHOENIX, ARIZONA 85007

December 18, 1979

Ronald M. Meitz
Attorney at Law
1708 East Thomas Road
Phoenix, AZ 85018

    RE:  Associated Grocers and Associated Grocers c/o Fred S. James & Company v. ICA, Harold Van Horn, 1 CA–IC 2308, ICA Claim No. 538–24–0004

Dear Mr. Meitz:

This Department has received a Petition for Special Action in the above–referenced case and this is to advise you that the Industrial Commission of Arizona will file a Notice of Appearance. It is expected that you will appear and defend the award before the Court of Appeals.

We enclose herewith for your records a copy of the Commission's Notice of Appearance filed this date.

        Sincerely,

        /s/ Christopher E. Kamper
          Acting Chief Counsel

CEK:akt

Encs.

cc:  Donald L. Cross

     Robert F. Retzer

     Robert K. Park