COLLINS et al. *v.* AMERICAN BUSLINES, INC. et al.

No. 523. Argued March 29, 1956.—Decided April 9, 1956.

*John P. Frank* argued the cause and filed a brief for petitioners.

*John F. Franks* argued the cause and filed a brief for the Industrial Commission of Arizona, respondent.

Mr. Justice Frankfurter delivered the opinion of the Court.

Adolphus Henry Collins was killed in an accident near Ehrenburg, Arizona, on September 30, 1953. The accident resulted from the blowout of a tire on an American Buslines' vehicle which Collins was driving on a regular run from Phoenix to Los Angeles. Collins had been employed as a bus driver for American since 1944. He had done his driving on various routes in the Southwest, and from 1952 until the time of his death he was regularly employed on the Los Angeles to Phoenix and return route. He and his wife and minor child—the petitioners in this proceeding—made their home in Los Angeles, California,

in which State Collins was covered by workmen's compensation.

Petitioners applied on October 14, 1953, to the Industrial Commission of Arizona for compensation in accordance with the terms of the Arizona Workmen's Compensation Act. In an award dated November 30, 1953, that agency made, *inter alia,* the following findings:

> "That the defendant employer maintained workmen's compensation coverage in the State of California and that payroll premium on the said Adolphus Henry Collins was reported to the State of California. That no reporting of such was made at any time to the Industrial Commission of Arizona.
>
> "That the said Adolphus Henry Collins, at the time of his death, was not regularly employed in the State of Arizona as said term has been defined by the Supreme Court of Arizona in the case of Industrial Commission vs. Watson Brothers Transportation Company, [75 Ariz. 357, 256 P. 2d 730]." *
>
> "That the Industrial Commission of Arizona does not have jurisdiction in the premises, and that said . . . claim on file herein should be denied for lack of jurisdiction."

On certiorari to the Supreme Court of Arizona, the construction of the Arizona statute on which the Commission based its award was rejected, but its disposition of petitioners' claim was affirmed. After concluding that American Buslines "operated exclusively in interstate

---

*Section 56–928 of the Arizona Code Annotated, 1939 (Cum. Supp. 1952), provides:

"Employers subject to the provisions of this article are: . . . 3. every person who has in his employ three [3] or more workmen or operatives regularly employed . . . . For the purposes of this section 'regularly employed' includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profession, or occupation of an employer."

commerce," the court held that the Commerce Clause of the United States Constitution precluded recovery under the Arizona Workmen's Compensation Act because Collins was covered by the California statute, and to require his interstate employer to insure also in Arizona would place an undue burden on interstate commerce. 79 Ariz. 220, 286 P. 2d 214. We granted certiorari because of the important federal question thus presented. 350 U. S. 931.

The only respondent here is the Arizona Industrial Commission. It is not at all clear from the record before us what the interest of the state agency is in this litigation. If the employer were actively before the Court, it could claim, we assume, that an award in the circumstances of the present case burdens the interstate commerce in that the consequences of such an award would be to require it in the future to obtain insurance sufficiently comprehensive to cover potential awards in the various States through which it passes. The apparent interest of the Commission is different, namely, that as a result of an award in this case, interstate carriers will seek insurance from a single private insurance carrier capable of giving coverage in all States through which they run. The desire by interstate carriers for such insurance will cause a defection from the state compensation fund, and it is this potential defection which leads to the Commission's claim that the Arizona Act cannot be applicable in an interstate situation. But this asserted burden upon interstate commerce—the disadvantageous effect upon the state compensation fund—is too intangible and elusive to be deemed a constitutionally disallowable burden.

We have been advised, however, that American Buslines has been a non-participating defendant throughout this litigation; that it is in receivership in Nebraska; that an order has been issued by the Nebraska court barring

claims against it except in that court; and that petitioners' claim is against the state compensation fund, administered by the Industrial Commission, which will in a separate proceeding be put to such recourse as it may have against American Buslines. This is not controverted. The Commission, therefore, appears to have an immediate interest of the same character and extent that American Buslines would have were it here. Thus, the Commission can invoke the employer's claim under the Commerce Clause. But that claim—of an increased insurance burden imposed as a practical matter upon an interstate carrier—while perhaps less tenuous than the defection argument directly pertinent to the Commission's case, is hardly more substantial. Whatever dollars-and-cents burden an eventual judgment for claimants in the position of petitioners may cast either upon a carrier or the State's fund is insufficient, compared with the interest of the State in affording remedies for injuries committed within its boundaries, see *Carroll* v. *Lanza,* 349 U. S. 408, to dislodge state power. The State's power is not dislodged so long as the Federal Government has not taken over the field of remedies for injuries of employees on interstate buses as it has done in the case of employees of interstate railroad carriers. *New York Central R. Co.* v. *Winfield,* 244 U. S. 147.

The court below and the Commission here rely on *Southern Pacific Co.* v. *Arizona,* 325 U. S. 761. It is too slender a reed. Two less similar situations, in which shelter from an exercise of state power is sought under the Commerce Clause, would be difficult to find than that presented by the circumstances of this case, compared with the circumstances of the *Southern Pacific* case.

The judgment of the Supreme Court of Arizona is reversed, and the case is remanded to that court for further proceedings.

*Reversed and remanded.*