### 41833. GENERAL MOTORS CORPORATION v. HARGIS.

BELL, Presiding Judge. This is an appeal from an award granting workmen's compensation to claimant, who injured his left wrist while operating an air gun at work.

1. The employer contends that the evidence showed that claimant had made a false representation as to his physical condition in a pre-employment statement submitted to secure employment and this evidence precluded an award in claimant's favor where there was a causal relationship between the injury and the false representation. See Martin Co. v. Carpenter, (Fla.) 132 S2d 400, 403-407; Air Mod Corp. v. Newton, (Del.) 215 A.2d 434, 439-440. While there was evidence before the board which showed that claimant would have been assigned different duties if he had informed the employer of the previous injury to his left wrist, there was no evidence showing that the claimant would not have been hired in the first place. *Code Ann.* § 114-804 relates only to the effect of false pre-employment statements concerning previous occupational disease. Our Workmen's Compensation Act is otherwise silent on the effect of a claimant's false representation as to his physical condition where the representation, though submitted in a pre-employment statement, does not go to the factum of employment and render the employment contract absolutely void. *Inclusio unius est exclusio alterius. White v. Clements,* 39 Ga. 232, 265; *U. S. Fidelity &c. Co. v. Dunbar,* 112 Ga. App. 102, 111 (143 SE2d 663). Moreover, the Act, being remedial must be interpreted liberally in favor of those claiming compensation. *General Motors Corp. v. Bowman,* 107 Ga. App. 335, 338 (130 SE2d 163). This problem is a legislative one and in the absence of a clear legislative intent, we do not feel at liberty to impose any limitations or exceptions upon the employee's statutory right to recover com-

pensation. See H. J. Jeffries Truck Line v. Grisham, (Okla.) 397 P.2d 637, 643.

2. However, the award made by the Workmen's Compensation Board was based upon an erroneous legal theory. The board stated in its findings of fact, "There is no evidence as to whether claimant suffered any disability in the wrist from his prior injury. . ." The record contains uncontradicted evidence that claimant had fractured the navicular bone of his left wrist while playing football several years previously to his injury at work and that after the first injury claimant failed to avail himself of proper medical treatment. Dr. Perry White, Jr., an orthopedic specialist, testified that he found "degenerative changes in the carpal joints around the navicular," which in his opinion existed prior to the injury which claimant sustained at work. On the basis of his positive findings and claimant's history of maltreatment of the wrist, it was Dr. White's opinion that the former injury had resulted in a non-union of the fractured bone. Although claimant insisted that he had experienced no trouble with his wrist during the time between the initial fracture and the later injury, Dr. White, who estimated that claimant had a 12 percent disability of the left arm, testified, "I would think he probably had some symptoms, I don't think that you could attribute more than half of his figured disability or impairment to the operation of the air gun." This was evidence of disability resulting from the prior injury which, if relied upon by the board, would have authorized an award only for a second injury under Code § 114-408.

"Where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mutual Ins. Co.*, 105 Ga. App. 186 (123 SE2d 905) . . . The award, stating as its basis that there was no such evidence, shows that it is based on an erroneous legal theory." *Miller v. Travelers Ins. Co.*, 111 Ga. App. 245, 248 (141 SE2d 223); *Waters v. National Biscuit Co.*, 113 Ga. App. 170, 174 (147 SE2d 676). See also: *Wilson v. Swift & Co.*, 68 Ga. App. 701 (23 SE2d 261); *Borden Co. v. Dollar*, 96 Ga. App. 489, 490 (100 SE2d 607); *Liberty Mut. Ins. Co. v. Simpson*, 101 Ga. App. 480 (1) (114 SE2d 141); *Baker v. Liberty Mut. Ins. Co.*, 103 Ga. App. 100 (2) (118 SE2d 386).

*Judgment reversed with direction that the case be remanded to the State Board of Workmen's Compensation for further findings of fact. Jordan and Eberhardt, JJ., concur.*

ARGUED FEBRUARY 9, 1966—DECIDED MAY 31, 1966— REHEARING DENIED JULY 22, 1966—

*King & Spalding, John V. Skinner, Jr.,* for appellant.
*Owens & Porter, William J. Porter, Jr.,* for appellee.