FEDERAL COPPER & ALUMINUM COMPANY, Plaintiff-in-Error,

v.

William L. DICKEY, Defendant-in-Error.

Supreme Court of Tennessee.

April 16. 1973.

Lloyd Comer, Lawrenceburg, for plaintiff in error.

Patricia Sue Bryant, Freemon & Freemon, Lawrenceburg, for defendant in error.

## OPINION

CHATTIN, Justice.

Plaintiff was employed on August 2, 1971, and on August 11, 1971, while cleaning up oil at the defendant's plant, slipped and injured his back. As a result thereof, he brought this action for workmen's compensation benefits.

In its answer to the petition, defendant alleged plaintiff falsified his application for employment which was material to the employment and of the essence to his employment by defendant.

Defendant insists the trial judge erred in awarding benefits to plaintiff because his claim was barred by the misrepresentation of his physical condition upon his application for employment.

Defendant argues it required no physical examination of prospective employees but relied upon the truthfulness of the statements in the application; and that the policy of the company was not to employ an employee who had a history of back injury.

Defendant, also, argues plaintiff's injury sustained at defendant's plant was causally related to his prior back injury. Thus, defendant argues, it was unjust for the trial judge to award benefits since plaintiff failed to disclose his previous back injuries.

The record shows plaintiff was injured in Ohio in 1959 or 1960 while at work which injury required the removal of a disc from his back; and that he later received another injury to his back in 1968 which did not require surgery. He was required to wear a brace as a result of the second injury.

Our Workmen's Compensation Act contains no explicit provision relative to the making of false statements by an applicant for employment. Nor is there any case law directly on the issue in this State.

However, T.C.A. Section 50–1109 provides for waiver of workmen's compensation coverage for a prospective employee who is susceptible to an occupational disease or has a history of heart disease. Likewise, the Second Injury Fund, T.C.A. Section 50–1027, is premised upon an employer's knowledge of an employee's previous injury.

A wrongdoer is precluded from profiteering from his fraud or wilful misrepresentation in an ordinary civil suit.

An employee who has wilfully misrepresented or failed to disclose material information regarding his physical condition should not be permitted a recovery in a workmen's compensation case merely because the legislature failed to anticipate the problem with a specific provision to that effect. As pointed out above, the Act evidences a general policy against such conduct.

In the case of Phillips v. Fleetguard Division of Cummins Eng. Co., Tenn., 480 S. W.2d 528 (1972), this Court remanded the case for a rehearing on the issues of fraud, deceit and misrepresentation when it

was shown the employee, during the trial, had suffered previous back injuries, and had denied that he had experienced such injuries when he applied for employment with Fleetguard.

 From our research on the issue presented herein, we think the general rule is well stated in 1A Larson's Workmen's Compensation Law, Section 47.53, page 800, as follows:

"Miscellaneous grounds of illegality on the basis of a distinction stated in Section 47.51, it has been held that employment which has been obtained by the making of false statements—even criminally false statements—whether by a minor or an adult, is still employment; that is, the technical illegality will not of itself destroy compensation coverage. What seems to be emergence, in place of the conceptional approach relying on purely contractual tests, is a common sense rule made up of a melange of contracts, causation, and estoppel ingredients. The following factors must be present before a false statement in an employment will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury."

See also Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961); Air Mod Corp. v. Newton, 215 A.2d 434 (Del.1965); Volunteers of America of Madison v. Industrial Commission, 30 Wis.2d 607, 141 N.W.2d 890 (1966); General Motors Corp. v. Hargis, 114 Ga.App. 143, 150 S.W.2d 303 (1966).

 Plaintiff did not make complete disclosures of his previous injuries. Whether he wilfully and intentionally failed to disclose his previous injuries is not clear from this record.

Since plaintiff is an illiterate person and had to have someone to fill out his employment application, it is doubtful whether he wilfully withheld information.

The record is, also, not clear as to whether plaintiff's back injury upon which this suit is based is causally related to his prior back injuries.

Accordingly, the case is remanded with leave for the parties to present evidence on the foregoing issues.

The petitioner will pay the costs of this appeal.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.