MR. JUSTICE HARRISON
dissenting:
I must dissent with the opinion of the Court on the basis of the provisions of section 28-1-201, MCA. This provision in our law, in my opinion, can be looked to in fact situations such as this as a statute to protect persons, such the petitioner in this case, who have a long period of public employment. Section 28-1-201 provides:
“General duty of care. Every person is bound, without contract, to abstain from injuring the person or property of another or infringing upon any of his rights.”
Developing in the law around the United States are remedies for employees who serve under the “at-will” statute and rule. The more equitable and just rule, in my opinion, is that an implied contract exists between the employer and the employee which gives additional consideration to an employee of some eighteen years of continuous employment, as in this case. Foley v. Community Oil Company, Inc. (D.N.H.1974), 64 F.R.D. 561; Monge v. Beebe Rubber Co. (1974), 114 N.H. 130, 316 A.2d 549; Fortune v. National Cash Register Co. (1977), 373 Mass. 96, 364 N.E.2d 1251.
In Monge the court reviewed the common-law rule of “at-will” employment contracts. The Monge court noted that the rule was harsh and outdated, and then modified the rule by holding that a determination motivated by bad faith or retaliation constituted a breach of contract. It was a modified “at-will” rule that the New Hampshire Federal Court applied to deny an employer’s motion for a judgment on the pleadings.
In Foley, when an employee of forty years of service was unjustly discharged, the Federal District Court stated that the longevity of service should give rise to an implied contract right but that the court was no longer bound by the strict commonlaw “at-will” rule according to New Hampshire law.
*204 The next case, the Massachusetts case of Fortune v. National Cash Register Co., supra, involved an employee who was discharged after working for the company some twenty-five years. The Court found that there was a breach of an implied contract of good faith because the employer was attempting to avoid payment of a substantial commission.
While it has not been established that a public employee with longevity has a constitutional right to a continued position, I believe the rule established is that one is entitled to a hearing before he is summarily discharged, as appellant was in this case. I would hold that the summary dismissal of appellant violated a due process right. Slochower v. Board of Education (1956), 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 672.
For the above reasons, I would return the matter to the District Court and require that a full hearing be given to appellant in this matter.