GLORIA TEIXEIRA, Claimant-Appellee, *v.* KAUIKEOLANI CHILDREN'S HOSPITAL, Employer-Appellant, and ARGONAUT INSURANCE COMPANIES, Insurance Carrier-Appellant

NO. 7089

(CASE NO. AB 76-215 (2-76-12035))

OCTOBER 12, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Employer Kauikeolani Children's Hospital ("employer") and insurance carrier Argonaut Insurance Company ("carrier") appeal the decision of the Labor and Industrial Relations Appeals Board ("LIRAB") affirming the award of benefits to claimant Gloria Teixeira ("claimant"). Appellants contend that claimant was not entitled to receive workers' compensation benefits because she allegedly materially misrepresented her physical condition in applying for employment by failing to reveal her pre-existing back injury. We affirm the LIRAB's decision.

Claimant had sustained an injury to her lower back and left leg on August 4, 1972 while acting within the course and scope of her employment with the Hawaiian Humane Society and was awarded workers' compensation benefits for permanent partial disability. Thereafter, claimant underwent vocational rehabilitation and trained to become an inhalation therapist.

On February 23, 1976, claimant applied at Children's Hospital for a position in the respiratory therapy department. In doing so, she failed to reveal her previous injury and treatment, as well as her most recent employment which had been with the Humane Society.

Claimant began employment on March 1, 1976. On May 6, 1976, while carrying a 30-40 pound bucket of ice up some stairs, she twisted her back and injured her right knee. Her treating physicians described claimant's injury as a "recurrence" and "flare-up" of her August 4, 1972 injury.

The Director of Labor and Industrial Relations awarded workers' compensation benefits to claimant. In affirming the director's decision, the LIRAB found the question of fraud to be irrelevant since the legislature had "made no provision for disqualification of coverage in cases of fraud."

Assuming claimant's failure to reveal her prior injury amounted to fraud, the issue before us is whether she is barred from receiving workers' compensation benefits from her defrauded employer. Our answer is no.

The only two provisions in Hawaii's Workers' Compensation Law, Hawaii Revised Statutes (HRS) Chapter 386 (1976), relating to fraud are HRS § 386-98 and HRS § 386-89(b).

HRS § 386-98 (1976) states:

*Penalties for false representations.* If for the purpose of obtaining any benefit or payment under this chapter, either for himself or for any other person, anyone wilfully makes a false statement of representation, he shall be fined not more than $250.

HRS § 386-89(b) (1976) states:

*Reopening of cases; continuing jurisdiction of director.*

. . .

(b) The director may at any time, either of his own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the director or on any party and render such decision as is proper under the circumstances.

There is nothing in HRS Chapter 386 which penalizes a person who uses fraud to obtain employment. In essence, appellants are asking the judiciary to impose a no-benefit rule which the legislature has not imposed.[1] They ask us to follow those jurisdiction which deny workers' compensation benefits to claimants who use fraud in obtaining employment, *Shippers Transport v. Stepp*, 578 S.W.2d 232 (Ark. 1979); *Federal Copper & Aluminum Co. v. Dickey*, 493 S.W.2d 463 (Tenn. 1973); *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 196 S.E.2d 833 (1973); *Air Mod Corp. v. Newton*, 59 Del. 148, 215 A.2d 434 (1965); *Martin Co. v. Carpenter*, 132 S.2d 400 (Fla. 1961); *Martinez v. Driver Mechenbier, Inc.*, 90 N.M. 282, 562 P.2d 843 (Ct. App. 1977); *Blanton v. Workmen's Compensation Board*, 531 S.W.2d 518 (Ky. Ct. App. 1975); *see Hilt Truck Lines, Inc. v. Jones*, 204 Neb. 115, 281 N.W.2d 399 (1979), and not those jurisdictions which permit recovery, *Newport News Shipbuilding and Dry Dock Co. v. Hall*, 674 F.2d 248 (4th Cir. 1982); *Dressler v. Grand Rapids Die Casting Corp.*, 402 Mich. 243, 262 N.W.2d 629 (1978); *H. J. Jeffries Truck Line v. Grisham*, 397 P.2d 637 (Okl. 1964); *General Motors Corp. v. Hargis*, 114 Ga. App. 143, 150 S.E.2d 303 (1966).

Mindful that the Workers' Compensation Law is a legislative creation which is highly remedial in character and which courts

---

[1] We note that S.B. NO. 2913-81, S.D. 1, 1982 Session, specified that any person convicted under HRS § 386-98 "shall forfeit all of his rights under Chapter 386." The House, however, deleted that language from the bill and S. B. 2913, S.D. 1, H.D. 1 became Act 98, 1982. The only modification made by Act 98 to HRS § 386-98 was to increase the penalty from $250 to $1,000.

should liberally construe in order to accomplish its beneficent purposes, *Evanson v. University of Hawaii,* 52 Haw. 595, 483 P.2d 187 (1971), we decline appellants' request. The rule which they want applied must come, if at all, from the legislature, not the judiciary.

Affirmed.

*Roy A. Vitousek, III, (Roland Q. F. Thom & Stephen B. MacDonald* on the briefs; *Cades, Schutte, Fleming & Wright* of counsel) for appellants.

*Laurence D. Scott* for appellee.