708 P.2d 1314

**MARRIOTT CORPORATION,**
Petitioner-Employer
Petitioner-Carrier,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA,** Respondent,

**Armida Godfrey, Respondent-Employee.**

No. 1 CA–IC 3165.

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 24, 1985.

Bury, Moeller & Humphrey by J. Michael Moeller, Kevin Miniat, Tucson, for petitioner employer-petitioner-carrier.

Sandra Day, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent.

Tretschok, McNamara & Clymer, P.C., by Patrick R. McNamara, Tucson, for respondent-employee.

OPINION

KLEINSCHMIDT, Judge.

This is a special action review of an industrial commission award granting temporary medical and compensation benefits to the claimant, Armida Godfrey. The issue is whether an employee, who makes a

deliberate material misrepresentation about his or her health to a prospective employer, is entitled to compensation benefits for an industrial injury that is causally related to the undisclosed condition. We find that such a misrepresentation precludes compensation and we set aside the award.

In 1975, the claimant sustained an industrial injury to her back while working as a maid at Skyline Country Club. She received benefits and her claim was closed in 1979 with no permanent disability. In 1981, the claimant applied to the petitioner, the Marriott Corporation, for a job as a maid. An employee of Marriott helped the claimant fill out the employment application. In that application the claimant stated that she had no back trouble or disability and had never received workers' compensation. The claimant testified that she could not remember whether she had been asked about a prior back problem but she conceded that she knew it would make it harder for her to get a job if prospective employers learned that she had a history of back trouble. The Marriott employee who helped the claimant complete the employment application testified that the answers recorded on it were the ones the claimant gave her.

In December, 1982, claimant injured her back while at work. She filed a petition to reopen the old claim and a separate claim for a new injury. Following a hearing on the matter, the administrative law judge denied the petition to reopen but granted benefits for the claim. The administrative law judge rejected Marriott's assertion that the trend in Arizona is toward adoption of the so-called "Larson Rule," which precludes benefits when an employee has misrepresented his or her health history. Relying upon *Roach v. Industrial Commission*, 137 Ariz. 510, 672 P.2d 175 (1983) and *Edwards v. Industrial Commission*, 14 Ariz.App. 427, 484 P.2d 196 (1971), the administrative law judge determined that the Arizona courts have indicated that intentional misrepresentations on a job applica-

tion should not affect an employee's right to recover under the worker's compensation statutes. The judge therefore made no findings regarding claimant's alleged misrepresentation. The award was affirmed on review and this special action followed.

Marriott urges this court to adopt the "Larson Rule," which has been explained as follows:

[I]t has been held that employment which has been obtained by the making of false statements—even criminally false statements—whether by a minor or an adult, is still employment; that is, the technical illegality will not of itself destroy compensation coverage. What seems to be emerging, in place of a conceptual approach relying on purely contractual tests, is a common-sense rule made up of a melange of contract, causation, and estoppel ingredients. The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. (Footnotes omitted.)

1C Larson, *Workmen's Compensation Law* § 47.53 at 8–310 (1983).

The claimant argues that neither legislative nor decisional authority warrants the application of such a rule in Arizona. She says that *Roach* and *Edwards* evince a judicial intent not to adopt the rule and that the goal of returning the worker to employment after injury outweighs any inequity suffered by the employer due to an employee's misrepresentations about past traumatic injury. Claimant's reliance upon *Roach* and *Edwards* is misplaced. Although both cases recognize that previously disabled workers often suffer employ-

ment discrimination, neither case deals with the question of, or specifically condones, a claimant's receipt of benefits following an intentional misrepresentation of health history to gain employment.

The claimant also argues that the absence of a statutory bar to the receipt of benefits for an employee's misrepresentation of his or her health history is an indication that the legislature did not intend such a result. There are, however, anti-fraud provisions in our statutes which require employees to be truthful in employment and benefit applications. Under A.R.S. § 23–1028, any person who obtains a benefit under the act by an intentional false statement is guilty of a misdemeanor and if a claimant is convicted of such he forfeits his benefits. Benefits are also barred under A.R.S. § 23–901.04 when a claimant intentionally misrepresents his history of occupational disease in a pre-employment statement.

At least six states have adopted the Larson Rule. *Air Mod Corp. v. Newton,* 59 Del. 148, 215 A.2d 434 (1965); *Martin Co. v. Carpenter,* 132 So.2d 400 (Fla.1961); *Martinez v. Driver Mechenbier, Inc.,* 90 N.M. 282, 562 P.2d 843 (App.1977); *Cooper v. McDevitt & Street Co.,* 260 S.C. 463, 196 S.E.2d 833 (1973); *Federal Copper & Aluminum Co. v. Dickey,* 493 S.W.2d 463 (Tenn.1973); *DeFrancisco v. Arkansas Kraft Corp.,* 5 Ark.App. 195, 636 S.W.2d 291 (1982). At least four have rejected it. *H.J. Jeffries Truck Line v. Grisham,* 397 P.2d 637 (Okla.1964); *General Motors Corp. v. Hargis,* 114 Ga.App. 143, 150 S.E.2d 303 (1966); *Dressler v. Grand Rapids Die Casting Corp.,* 402 Mich. 243, 262 N.W.2d 629 (1978); *Teixeira v. Kauikeolani Children's Hospital,* 3 Haw.App. 432, 652 P.2d 635 (1982). We also note that in *Newport News Shipbuilding & Dry Dock Co. v. Hall,* 674 F.2d 248 (4th Cir.1982), the federal court rejected the Larson Rule because there was no provision barring benefits for misrepresentation under the Longshoremen's and Harbor Workers' Compen-

sation Act, 33 U.S.C.A. §§ 901–950 (1978 and Supp.1981). Apparently the courts of the remaining states have not addressed the issue.

When the legislature amended the Workmen's Compensation Act to include compensation for occupational disease disability, it did not include a provision penalizing misrepresentations of traumatic injury in pre-employment statements. The argument that this indicates that the legislature did not intend such fraud to bar an award of benefits does not persuade us. In *Martin Co. v. Carpenter,* 132 So.2d 400 (Fla. 1961), a Florida claimant misrepresented a known pre-existing back condition and had reason to know that the work applied for might aggravate that condition. There were no cases or statutes directly on point and the state occupational disease statute precluded benefits to an employee who misrepresented a pre-existing condition. The court adopted the Larson Rule, reasoning that the legislative proscription against fraud in the occupational disease statute was a broad expression of policy. *See also Federal Copper & Aluminum Co. v. Dickey,* 493 S.W.2d at 464, in which the court noted:

> An employee who has wilfully misrepresented or failed to disclose material information regarding his physical condition should not be permitted a recovery in a workmen's compensation case merely because the legislature failed to anticipate the problem with a specific provision to that effect.

■ Although our legislature has not enacted a provision to cover the situation we face here, based upon the other anti-fraud provisions in the Workmen's Compensation Act pointed out above, and the interpretation other courts have given similar provisions, we believe that our legislative policy is that misrepresentation should preclude recovery. It is a basic legal concept that a wrongdoer is precluded from profiting from his fraud. *Young Mines Co. Ltd. v. Citizens' State Bank,* 37 Ariz. 521, 296 P. 247 (1931).

■ While the claimant agrees that employers need a truthful pre-employment health history in order to avoid placing an employee in a position of potential harm, she would place the duty on the employer to check the applicant's employment history. Although an investigation into a job applicant's prior record and a pre-employment examination may be wise, failure of an employer to require a physical, to check past jobs, or to discover a misstatement in a pre-employment application does not justify fraud. Because an employer takes an employee as he finds him, *Division of Vocational Rehabilitation v. Industrial Commission*, 125 Ariz. 585, 611 P.2d 938 (App.1980), it is only fair that the employer who inquires be made aware, to the extent of the employee's knowledge, of the employee's actual physical condition at the time of hiring.

We realize that employees with a record of injury often have difficulty in obtaining employment. The legislature has somewhat alleviated this problem by partially relieving employers who hire persons with pre-existing disabilities from paying benefits when such employers suffer an aggravating injury. *See* A.R.S. § 23–1065(A)(4).

■ The award is set aside. Since the administrative law judge made no findings as to whether the claimant's answers were fraudulent as opposed to merely incorrect, and because the record leaves a fact question unresolved as to the connection between the original injury and the one for which this claim is made, this matter must be remanded for another hearing.

GREER and FROEB, JJ., concur.