708 P.2d 1307

**MARRIOTT CORPORATION,**
**Petitioner-Employer,**
**Petitioner-Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Armida Godfrey, Respondent-Employee.**

**No. 18085–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 28, 1985.

Reconsideration Denied Dec. 10, 1985.

---

Bury, Moeller & Humphrey by J. Michael Moeller and Kevin Miniat, Tucson, for petitioners, Marriott Corp.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n, Phoenix, for respondent, Indus. Comn.

Tretschok, McNamara & Clymer by Patrick R. McNamara, Tucson, for respondent employee, Godfrey.

Dee-Dee Samet, Tucson, for amici curiae Southern Arizona Worker's Compensation Attorney's Assn.

CAMERON, Justice.

This is a petition for review of an opinion and decision of the court of appeals setting aside an award made to Armida Godfrey (claimant) by the Industrial Commission of Arizona. *Marriott Corporation v. Industrial Commission*, 147 Ariz. 123, 708 P.2d 1314, (App.1985). We have jurisdiction pursuant to art. 6, § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The issues presented on review are:

I. Did the court of appeals lack jurisdiction to entertain the petition for special action due to petitioner's failure to join indispensable parties?

II. Did the court of appeals err in finding that an employee's deliberate material misrepresentation about her physical condition, in her application for employment, barred workers' compensation benefits?

The facts follow. In 1975, the claimant, while working as a maid for the Skyline Country Club (Skyline), sustained an industrial injury to her back. She filed a workers' compensation claim and was awarded benefits by Skyline's insurance carrier, Fireman's Fund Insurance Company (Fireman's). This claim was closed in 1979 with a finding of no permanent disability. This award was not protested.

In 1981, the claimant applied for a job as a maid with the petitioner, Marriott Hotel

(Marriott), a self-insured Tucson employer. The claimant's application for employment was completed by Peggy O'Sullivan, Marriott's Personnel Director, apparently because of the claimant's inability to complete it herself. In response to a question about previous back problems or compensable claims, the claimant indicated that she had never injured her back or filed a compensable claim. The claimant was then hired by Marriott. O'Sullivan testified that had the claimant admitted her previous back injury and award, she would not have been hired for the particular position for which she applied.

In 1982, while working for Marriott, the claimant suffered another injury to her back. Marriott denied her claim for compensation benefits, apparently because of the claimant's earlier misrepresentations. Claimant also petitioned Fireman's to reopen her previous claim, this request was refused. She timely sought hearings to protest both Marriott's denial of benefits and Fireman's refusal to reopen her previous claim. At the claimant's request, these hearings were consolidated.

Following the hearing, the Administrative Law Judge denied the claimant's petition to reopen her previous claim, but awarded her benefits for her later injury. He determined that her misrepresentation on the job application should not bar recovery of compensation benefits. Administrative review of this award was denied and Marriott petitioned the court of appeals for review by special action. The court of appeals set aside the award holding that such a deliberate misrepresentation could preclude recovery. The claimant petitioned this court for review of the decision and opinion of the court of appeals which we granted.

I

## JURISDICTION

The claimant contends that because her petition to reopen the prior injury claim and her petition for compensation for a new injury were consolidated before the Administrative Law Judge, the resulting single award denying the petition to reopen and granting benefits for the new injury made Skyline and Fireman's indispensable parties for the purpose of the special action. She concludes that the court of appeals lacked jurisdiction to entertain the special action, because the petitioner failed to join these parties. We agree.

The threshold question is whether Skyline and Fireman's were, in fact, indispensable parties to the special action. The test to be applied has been stated as: "[t]he necessity of making a party to a case below a party to the appeal depends upon whether he has an interest in opposing the object sought to be accomplished by the appeal." *Dunn v. Law Offices of Ramon R. Alvarez*, 119 Ariz. 437, 440, 581 P.2d 282, 285 (App.1978) (citations omitted). We believe that Skyline and Fireman's have such an interest.

Neither the court of appeals nor this court have broad discretion when reviewing a compensation award. A.R.S. § 23–951(D) states "[t]he court of appeals shall enter judgment either affirming or setting aside the award, order, or decision." Upon review, an appellate court may neither alter nor modify an award but is limited either to affirm or set aside the award. *Glover v. Industrial Commission*, 23 Ariz. App. 187, 188, 531 P.2d 563, 564 (1975). The setting aside of an award entitles the parties to a complete trial *de novo*. *Id.* Therefore, the court of appeals' decision would have the effect of enabling the claimant to demand again that Skyline and Fireman's reopen her previous injury claim. Under these circumstances, Skyline and Fireman's would have had "an interest in opposing the object sought to be accomplished by the appeal." *Dunn, supra.* In a case almost identical procedurally to the one now before us, the court of appeals stated that:

> We ... conclude that when "consolidation" is made [of workers' compensation

claims], a true joinder of the claims and parties is effected. More importantly, an adjudication of the joined claims results in a single award from which review must be taken. The "single award" concept is of crucial importance in Workmen's Compensation reviews as this court is strictly limited to either affirming an award of the Industrial Commission or setting it aside. A.R.S. §§ 12–120.21(A)(2) and 23–951(D). We may not modify, affirm in part, reverse in part, or reverse and remand the award with directions. *Glover v. Industrial Commission*, 23 Ariz.App. 187, 531 P.2d 563 (1975). Thus, on review, this court is without authority to consider a single portion of an award of the Industrial Commission, but must affirm the award as a whole or set aside the award as a whole. To set aside the consolidated award in this case, joined under Rule 50, would necessarily reexpose the State Compensation Fund to potential liability on a hearing *de novo* regarding the reopening claim. The State Fund, therefore, falls within the classic definition of an indispensable party. *Town of Gila Bend v. Walled Lake Door Co.*, 107 Ariz. 545, 490 P.2d 551 (1971).

*Associated Grocers v. Industrial Commission*, 126 Ariz. 412, 414–15, 616 P.2d 87, 89–90 (App.1980).

Admittedly, the fact that Skyline and Fireman's were indispensable parties and not explicitly made parties to the special action is not always fatal, "[a] defect in identifying a party against whom an appeal is taken does not necessarily invalidate the appeal, particularly where the judgment being appealed is sufficiently identified and sufficient notice is given so that the putative appellee is neither misled nor prejudiced." *Hopper v. Industrial Commission*, 27 Ariz.App. 732, 737, 558 P.2d 927, 932 (1976) (citation omitted). In *Hopper*, failure to name a party in the caption of a petition for special action to review an Industrial Commission award did not deprive the court of appeals of jurisdiction where the omitted party was adequately identified by claim number and received sufficient notice of the appeal. In the instant case, Skyline and Fireman's were not identified by number and the certificate of mailing did not indicate that either Skyline or Fireman's were mailed copies of the petition for and writ of review. The judgment being appealed from was not sufficiently identified and the putative appellee was not given sufficient notice that review was being sought. Neither Skyline nor Fireman's were alerted to the need to participate in the special action. They do not then come under the *Hopper* exception to the general rule that they had to be named as a party and properly notified.

Skyline and Fireman's were indispensable parties to the special action. Since setting it aside would subject them to new demands by the claimant to reopen her previous claim, they were prejudiced by their inability to protect their interest in having the award affirmed. Thus the court of appeals should have dismissed the petition for special action for lack of jurisdiction. *See Associated Grocers, supra; Hopper, supra.*

## II

## MISREPRESENTATIONS AS TO PHYSICAL CONDITION

The court of appeals decided the matter on the merits in a published opinion. Because we disagree with the conclusion of the court of appeals, we believe it appropriate to set forth our conclusion as to the law to be applied in fact situations of this kind.

The court of appeals held that a person who makes deliberate material misrepresentations about his or her health to a prospective employer may be denied compensation benefits for an industrial injury that is causally related to the undisclosed condition. *Marriott Corporation v. Industrial Commission*, 147 Ariz. 123, 708 P.2d 1314, (App.1985). In doing so, the

court of appeals adopted the so called 'Larson Rule'. The Larson rule derives its name from the following passage in 1C Larson, Workmen's Compensation Law § 47.53 at 8–310 (1982):

> [I]t has been held that employment which has been obtained by the making of false statements—even criminally false statements—whether by a minor or an adult, is still employment; that is, the technical illegality will not of itself destroy compensation coverage. What seems to be emerging, in place of a conceptual approach relying on purely contractual tests, is a common-sense rule made up of a melange of contract, causation, and estoppel ingredients. The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. (footnotes omitted).

The rationale behind this adoption of the Larson rule was that other anti-fraud provisions in the Arizona Workers' Compensation Act evidenced a legislative intent to bar recovery by such a claimant, and particularly that A.R.S. §§ 23–901.04 and 23–1028 evidence a legislative policy in favor of the Larson rule. *Marriott Corp. v. Industrial Commission, supra.* We do not agree.

A.R.S. § 23–901.04 bars compensation benefits where a claimant intentionally misrepresents his history of occupational disease in a pre-employment statement. This provision is a carryover to the Workers' Compensation statutes from the former Occupational Disease Disability Act, A.R.S. § 23–1227, which was repealed by Laws 1973, Chapter 53 § 4. Both the former § 23–1227 and the current § 23–901.04 ex-

plicitly limit its application to occupational disease. This is apparently due to the fact that the last employer incurs almost all the liability in an occupational disease case. A.R.S. § 23–901.02. Such extensive liability is not present in the second industrial injury context, *see* A.R.S. § 23–1044(E) and § 23–1065, therefore, the legislature has not extended this additional protection for employers in industrial injury cases.

A.R.S. § 23–1028 provides that a claimant shall forfeit any compensation, benefit, or payment if he is convicted under its provisions of obtaining any compensation, benefit or payment by wilfully making a false statement or misrepresentation. This provision is aimed at preventing false statements in the seeking of compensation benefits, or in other words, fraudulent claims. It does not apply to statements made prior to employment. Additionally, this provision was contained in the Workers' Compensation Act and the former Occupational Disease Disability Act, A.R.S. §§ 23–1028 and former 23–1229. When the Occupational Disease Disability Act was repealed, § 23–1028 was purposefully not made solely applicable to either an industrial injury or an occupational disease, allowing instead its application to both. This leads us to the belief that had the legislature intended to make the use of false representations in a pre-employment statement a bar to compensation benefits for industrial injuries, it simply could have deleted the specific reference to occupational disease contained in the former § 23–1227 when it was inserted into the Workers' Compensation statutes as § 23–901.04. This the legislature did not do.

■ We note that the Workers' Compensation Act as a whole is remedial in character and is to be construed liberally to effect its purpose. *Flamingo Motor Inn v. Industrial Commission of Arizona,* 133 Ariz. 200, 201, 650 P.2d 502, 503 (App. 1982). Also, industrial compensation is not based on the good moral character of the claimant but is founded simply on an injury

that is within the scope of the Workers' Compensation statutes. *Fish v. Industrial Commission,* 12 Ariz.App. 486, 490, 472 P.2d 97, 101 (1970).

Also, we note that the Larson rule is not universally accepted. *Newport News Shipbuilding v. Hall,* 674 F.2d 248, 251 (4th Cir.1982). Two of the leading cases adopting the rule, *Air Mod Corp. v. Newton,* 9 Storey 148, 59 Del. 148, 215 A.2d 434 (1965) and *Martin Co. v. Carpenter,* 132 So.2d 400 (Fla.1961), relied extensively on *Minneapolis, St. Paul & Sault-Ste. Marie Ry. v. Rock,* 279 U.S. 410, 49 S.Ct. 363, 73 L.Ed. 766 (1929), which was later strictly limited to its facts in *Still v. Norfolk & Western Ry. Co.,* 368 U.S. 35, 82 S.Ct. 148, 7 L.Ed.2d 103 (1961). Further, several jurisdictions have rejected the Larson rule. *General Motors v. Hargis,* 114 Ga.App. 143, 150 S.E.2d 303 (1966); *Teixeira v. Kauikeolani Children's Hospital,* 3 Hawaii App. 432, 652 P.2d 635 (1982); *Dressler v. Grand Rapids Die Casting Corp.,* 402 Mich. 243, 262 N.W.2d 629 (1978); *H.J. Jefferies Truck Line v. Grisham,* 397 P.2d 637 (Okl.1964).

In *General Motors v. Hargis, supra,* for example, the Georgia court of appeals, in a case similar to the one before us, pointed out that the Georgia statutes had provisions relating to false pre-employment statements as to previous occupational disease but not as to physical condition relating to industrial injuries. The court then turned to the doctrine of *inclusio unius exclusio alterius* and found: "This problem is a legislative one and in the absence of a clear legislative intent, we do not feel at liberty to impose any limitations or exceptions upon the employee's statutory right to recover compensation." *Id.* 114 Ga.App. at 143, 150 S.E.2d at 305 (citation omitted).

 We conclude that, absent express statutory authority, a misrepresentation as to physical health to a prospective employer should present no bar to recovery of compensation benefits for industrial injury. If employers were allowed to deny benefits based on the bargaining process that led to the claimant's employment, the disfavored idea that the employee must be free from fault in order to receive compensation would be resurrected. *Fontenot v. Cagle Chevrolet Inc.,* 417 So.2d 1338, 1343 (La. App.1982). The employer may protect himself from employees, such as the claimant, by conducting a more thorough pre-employment physical and investigation of its job applicants. *Id.* Such an approach is consistent with the long held view that the purpose of the workers' compensation system is to dispense with, as much as possible, the litigation between employer and employee and to place upon industry the burden of compensation. *Sneed v. Belt,* 130 Ariz. 229, 235, 635 P.2d 517, 523 (App. 1981).[1] The protection of a workers' compensation system is constitutionally mandated. Ariz.Const. art. 18, § 8. The section as amended in 1925, reads as follows:

2. Section 8 as amended provides:

"The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof as may be defined by law and in such *private employments as the Legislature may prescribe* by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, ..."

---

**1.** While not addressed in the briefs, it was conceded at oral argument that had the claimant not been covered by workers' compensation, she would have retained her common law rights in tort against her employer. Ariz. Const. art. 18, § 8; A.R.S. § 23–906.

*Kilpatrick v. Superior Court,* 105 Ariz. 413, 417 n. 2, 466 P.2d 18, 22 n. 2 (1970) (emphasis added). And we have stated:

> "Paragraph one of Section 8, as quoted and as amended, first, is a *direction* to the Legislature to enact a Workmen's Compensation Law by which injured employees are to be given a remedy, other than by suit for damages, for injuries incurred in the course of their employment; ..."

*Id.* at 417, 466 P.2d 18 (emphasis added). Any statutory construction which would exclude an employee from workers' compensation protection will require specific language to that effect. *Collins v. American Buslines,* 79 Ariz. 220, 223, 286 P.2d 214, 216 (1955), reversed on other grounds, 350 U.S. 528, 76 S.Ct. 582, 100 L.Ed. 672 (1956). Absent a specific statutory bar to eligibility, the employee's right to opt for workers' compensation benefits is constitutional and other legislation is impotent to deprive him of it. *Kilpatrick v. Superior Court,* 105 Ariz. at 417, 466 P.2d at 22 (1970).

The opinion and decision of the court of appeals is vacated. The award is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.